J-S37009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAM PHUM | : | |
| | : | |
| Appellant | : | No. 1248 EDA 2017 |

Appeal from the Judgment of Sentence January 28, 2003
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0905901-2000

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 07, 2018**

Appellant, Sam Phum, filed this *pro se* direct appeal, *nunc pro tunc*, from the judgment of sentence entered on January 28, 2003 in the Criminal Division of the Court of Common Pleas of Philadelphia County.  We affirm.

At the conclusion of trial on December 10, 2001, a jury found Appellant guilty of robbery, burglary, possession of an instrument of crime, unlawful restraint, and criminal conspiracy for his role in planning an armed home invasion perpetrated by multiple co-defendants.  Thereafter, on January 28, 2003, the trial court sentenced Appellant to serve an aggregate term of 18 to 36 years' imprisonment and to pay restitution of $10,000.00.

On February 26, 2003, counsel for Appellant filed a notice of appeal. Counsel subsequently withdrew his appearance and new counsel appeared on

_____
* Former Justice specially assigned to the Superior Court.

behalf of Appellant.[1]  Unfortunately, the court sent its Pa.R.A.P. 1925(b) order to former counsel and no concise statement was filed on Appellant's behalf. On September 9, 2005, this Court issued an unpublished memorandum remanding this matter for the filing of a concise statement and the issuance of a trial court opinion.

On remand, Appellant filed a concise statement on November 18, 2005 and the trial court issued an opinion on January 12, 2007.  In the ensuing appeal, this Court dismissed Appellant's claims since the omission of transcripts from the certified record hampered our review of Appellant's claims.

On June 25, 2007, Appellant filed a *pro se* PCRA petition.  Appointed counsel filed an amended petition and, thereafter, two supplemental petitions. Appellant sought reinstatement of his direct appeal rights, *nunc pro tunc*, in view of direct appeal counsel's failure to include transcripts necessary to aid appellate review of Appellant's claims.  Appellant also sought reinstatement of his right to file post-sentence motions, *nunc pro tunc*.  The Commonwealth agreed to the reinstatement of Appellant's direct appeal rights but objected to the reinstatement of Appellant's right to file post-sentence motions.  After issuing appropriate notice, the PCRA court denied Appellant's petition without an evidentiary hearing.  In an unpublished memorandum filed on April 25, 2013, this Court vacated the PCRA court's order and remanded for further

_____

[1] The trial court dismissed a May 27, 2003 *pro se* petition for collateral relief on grounds that Appellant was litigating a direct appeal before this Court.

proceedings. We specifically found that Appellant raised a genuine issue of material fact as to whether direct appeal counsel rendered ineffective assistance which denied meaningful appellate review of Appellant's judgment of sentence. Accordingly, we remanded this case for further proceedings. On April 4, 2017, the PCRA court reinstated Appellant's direct appeal rights but denied reinstatement of Appellant's right to file post-sentence motions.

Appellant filed a notice of appeal on April 11, 2017. Thereafter, on April 27, 2017, Appellant filed a *pro se* motion before the PCRA court seeking the withdrawal of counsel. In light of Appellant's motion, PCRA counsel filed an application for remand with this Court. On May 22, 2017, we granted counsel's application and directed the PCRA court to consider whether Appellant's request to waive his right to counsel was knowing, voluntary, and intelligent under ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). The PCRA court held a ***Grazier*** hearing on July 14, 2017 and, after finding that Appellant's request was knowing, voluntary, and intelligent, granted Appellant's request to proceed *pro se*. Appellant subsequently filed a concise statement under Pa.R.A.P. 1925(b) and the PCRA court issued its Rule 1925(a) opinion on November 16, 2017.

Rather than list the claims enumerated in Appellant's statement of questions involved, we have elected to address Appellant's claims in the order they are presented in the argument section of Appellant's brief. Where appropriate, we have noted where Appellant's claims are subject to waiver because they were omitted from the statement of questions.

- 3 -

Appellant's first claim, presented at page 15 of his brief, asserts that trial counsel was ineffective because he failed to file post-sentence motions challenging the discretionary aspects of Appellant's sentence. This claim merits no relief. As a preliminary matter, the claim is not included in the statement of questions involved section of Appellant's brief. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Moreover, claims of ineffective assistance are generally unreviewable on direct appeal; the proper time to challenge trial counsel's representation is in a PCRA petition filed after the conclusion of direct review of a judgment of sentence. ***See Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002) ("as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel Puntil collateral review"). Hence, no relief is due on this issue.

Appellant's next two claims are logically related and we shall dispose of them in a single discussion. In his second claim, Appellant contends that the sentencing court abused its discretion in imposing a deadly weapon enhancement under the sentencing guidelines since it was never established at trial that Appellant possessed or employed a deadly weapon during the home invasion. *See* Appellant's Brief at 16-19. Appellant's third issue asserts that the trial court imposed an unlawful sentence by applying a mandatory firearms minimum sentence, found at 42 Pa.C.S.A. § 9712(a), and a deadly weapons enhancement under the sentencing code, found at 204 Pa. Code § 303.10(a). In support of his third issue, Appellant claims that the

sentencing provisions applied by the court have been deemed unconstitutional under ***Alleyne v. United States***, 570 U.S. 99 (2013) and its Pennsylvania progeny.[2]

We are unable to conclude that the sentencing court applied the challenged sentencing provisions in formulating the punishment imposed in this case. At sentencing, the court focused on the violent and complex nature of the criminal episode, Appellant's leadership role in planning, supplying, and directing the pertinent criminal activities of the multiple participants, Appellant's misuse of his trusted position as a friend of the victims, and Appellant's total lack of remorse toward the events and the victims. In fact, the sentencing court summarized its considerations as follows:

> But I'm convinced that this man was not only involved but was the main person that got everybody else involved. And [these are] all the reasons why I'm going outside the guidelines. [Appellant t]hreatened [a co-defendant] who wanted to get out of it. Made her get involved with it even though she wanted to get

---

[2] Appellant is correct that our decision in ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015) invalidated (pursuant to ***Alleyne***) the mandatory firearms minimum set forth at 42 Pa.C.S.A. § 9712(a). We note, however, that in ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014), a panel of this Court determined that ***Alleyne***, ***supra***, was not implicated in a challenge to the application of the deadly weapon enhancement under the sentencing code. ***See Buterbaugh***, 91 A.3d at 1269 n.10 ("***Alleyne*** ... dealt with factors that [] increased the mandatory minimum sentence .... Our case does not involve [such a] situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range."). Thus, Appellant has no valid legality of sentencing challenge to the application of the deadly weapon enhancement under the sentencing code.

out of the robbery  That's why [Appellant] should do more time than anybody else[.]

N.T. Sentencing, 1/28/03, at 33-37.

Since the record does not support Appellant's claim that the sentencing court applied a mandatory minimum sentencing provision or a deadly weapons enhancement in imposing its sentence, we are unable to conclude that Appellant is entitled to relief.  Thus, Appellant's second and third claims fail.

In his fourth claim, Appellant alleges that the sentencing court offered insufficient reasons to justify its aggravated range sentence of 18 to 36 years' incarceration.  To support this contention, Appellant complains that he never possessed or used a weapon at the crime scene, that he never unlawfully restrained any person, and that he never physically or verbally assaulted anyone.  **See** Appellant's Brief at 22-29.  This claim is meritless.

As a preliminary matter, Appellant's fourth claim is not included in the statement of questions involved section of Appellant's brief.  **See** Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").  As such, Appellant's claim is not subject to review.

A claim alleging that the trial court offered insufficient reasons to support the imposition of aggravated range sentences constitutes a discretionary sentencing challenge and raises a substantial question.  **See** **Commonwealth v. Booze**, 953 A.2d 1263, 1278 (Pa. Super. 2008), *appeal denied*, 13 A.3d 474 (Pa. 2010).  However, before we may address the merits,

we must determine whether Appellant has properly preserved his argument. To the extent that Appellant challenges the sufficiency of the court's sentencing rationale, we find that he has failed to do so. Nothing in the record shows that Appellant raised this objection at sentencing and he did not include this claim in a post-sentence motion. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) ("To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal.") (citations omitted); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("Absent [a timely post-sentence motion or claim raised during sentencing], an objection to a discretionary aspect of a sentence is waived."); Pa.R.A.P. 302(a). Consequently, Appellant has waived this claim.

Nevertheless, even if Appellant did not waive this claim, we would conclude the trial court did not abuse its discretion. As we explained above, the trial court offered cogent and persuasive grounds for imposing an aggravated sentence in this case. Appellant's contentions do not alter this conclusion. Accordingly, no relief is due on this claim.

In his fifth claim, Appellant asserts that the court erroneously ordered him to pay excessive restitution. Specifically, Appellant claims that he was wrongly ordered to pay $10,000.00 in restitution where the total amount of

restitution totaled $10,000.00 and his co-defendant was ordered to pay $3,000.00.[3, 4] This claim merits no relief.

Appellant's restitution claim is an attack on the legality of his sentence. *See Commonwealth v. Harriott*, 919 A.2d 234, 237 (Pa. Super. 2007). We are guided by the following principles when addressing appeals arising from the imposition of restitution as a condition of the judgment of sentence:

> Restitution may be imposed only for those crimes to property or person where the victim suffered a loss that flows from the conduct that forms the basis of the crime for which the defendant is held criminally accountable. In computing the amount of restitution, the court shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate. Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive. The amount of a restitution order is limited by the loss or damages sustained as a direct result of defendant's criminal conduct and by the amount supported by the record.

*Commonwealth v. Poplawski*, 158 A.3d 671, 674 (Pa. Super. 2017), *quoting* *Commonwealth v. Dohner*, 725 A.2d 822, 824 (Pa. Super. 1999) (internal citations and quotations omitted); *see also* 18 Pa.C.S.A. § 1106(c)(2)(i).

---

[3] Appellant alleges that his co-defendant has already satisfied the $3,000.00 portion of the restitution order. *See* Appellant's Brief at 29.

[4] Appellant raises a sixth claim concerning jurisdiction to resolve the restitution issue. This claim is underdeveloped. *See* Appellant's Brief at 30. Moreover, our resolution of Appellant's fifth claim obviates our need to discuss his sixth claim.

Here, the court rejected the factual basis of Appellant's claim that he and his co-defendant were ordered to compensate the victims for the same loss. Citing the notes of testimony from Appellant's sentencing hearing, the court stated:

> At sentencing, the prosecutor made clear that both ten thousand dollars' worth of items, primarily jewelry, and three thousand dollars in cash were taken from the victim to whom [Appellant] and his accomplice were ordered to pay those respective amounts in restitution.

PCRA Court Opinion, 11/16/17, at 9, *citing* N.T. Sentencing, 1/28/03, at 37.

We are persuaded that the court correctly interpreted the prosecutor's recommendation concerning restitution. The district attorney specifically advised the court that the victims lost $10,000.00 worth of "items" and $3,000.00 worth of "cash." It was not error for the court to infer that the total loss amounted to $13,000.00 nor to hold that Appellant was responsible for $10,000.00 and his accomplice was responsible for $3,000.00. Hence, Appellant and his co-defendant were not ordered to compensate the victims for the same loss.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/18

- 9 -