474 A.2d 348

**COMMONWEALTH of Pennsylvania,**

v.

**George WALTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed April 13, 1984.

Joseph F. Sklarosky, First Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, WIEAND and HESTER, JJ.

PER CURIAM:

George Walton, having entered pleas of guilty to fifteen burglaries in Luzerne County, was sentenced to serve a term of imprisonment for not less than three nor more than six years, with credit for time served, after which he was to be on probation for twenty-five years. He was also ordered to make restitution. He filed a petition to modify sentence in six cases.[1] In this petition he alleged that the sentences imposed, including the orders of restitution,[2] were excessive. His petition was denied without hearing, and this appeal followed.

1. The only sentencing orders sought to be modified and the only sentences from which appeals were filed had been entered in Criminal Actions 1214, 1213, 1411, 1414, 1415 and 1417. In No. 1214, appellant had been sentenced to prison for not less than three nor more than six years. In each of the other cases, he had been placed on probation for consecutive five year periods. In all instances he had been ordered to make restitution.

2. In No. 1214, appellant was ordered to make restitution to Salvatore and Kathryn Mariana for $416.67.

In No. 1213, appellant was ordered to make restitution to Leo and Dorothy Smereski for $187.50.

In No. 1411, appellant was ordered to make restitution to Natalie Miles for $880.00.

In No. 1414, appellant was ordered to make restitution to William Hughes for $500.00.

In No. 1415, appellant was ordered to make restitution to the Estate of Ruth Evans for $1,667.67.

In No. 1417, appellant was ordered to make restitution to Joseph Parker for $250.00.

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ In view of the fact that appellant admitted his participation in fifteen burglaries, we cannot say that the term of imprisonment or the terms of probation were excessive. However, appellant is on more solid ground when he argues inadequacy of the record to support the court's several orders of restitution. Not only was there no evidence demonstrating appellant's ability to pay the sums ordered, but, in fact, there was no evidence to support a finding that a loss had been sustained in the amount which appellant was ordered to pay.

▮▮▮ An order of restitution is a part of the sentence, and it must be supported by the record. *Commonwealth v. Galloway*, 302 Pa.Super. 145, 161, 448 A.2d 568, 576–577 (1982); *Commonwealth v. Fuqua*, 267 Pa.Super. 504, 510, 407 A.2d 24, 27 (1979).

"[I]t is incumbent upon a sentencing court, before it enters an order of restitution, to consider on the record (1) the amount of the loss suffered by a victim; (2) the fact that such loss was caused by conduct of the defendant; (3) that the amount awarded does not exceed the defendant's ability to pay; and (4) the type of payment that will best serve the needs of the victim and the capabilities of the defendant."

*Commonwealth v. Katz*, 318 Pa.Super. 282, 287–88, 464 A.2d 1343, 1346 (1983), quoting *Commonwealth v. Wood*, 300 Pa.Super. 463, 467, 446 A.2d 948, 949–950 (1982). See: 18 Pa.C.S. § 1106(c).

Because the record does not support the sentences imposed by the court, the sentences appealed from must be vacated and the case remanded for resentencing.

It is so ordered. Jurisdiction is not retained.