**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Michael D. WRIGHT, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1998.
Filed Nov. 20, 1998.

J. Christian Ness, York, for appellant.

C.N. Patterson, Jr., Asst. District Atty., York, for Com., appellee.

Before JOYCE and HESTER, JJ., and CIRILLO, President Judge Emeritus:

CIRILLO, President Judge Emeritus:

Appellant Michael D. Wright appeals from the judgment of sentence entered in the Court of Common Pleas of York County. We affirm.

Appellant Michael D. Wright and John S. Thompson, II, farmed neighboring land in southern York County. On October 11th, 12th and 13th of 1996, while two men were operating combines on the Thompson farm to harvest corn, the combines sustained damage as a result of angle iron that had been attached to several stalks of corn. Thompson notified the police. Thompson immediately suspected that his neighbor, Michael Wright, had attached the iron to the corn. Thompson and Wright were "competitors" and had a history of competing for land to lease for farming. The fact that the area of land harvested on which the combine damage occurred had previously been farmed by Wright also aroused Thompson's suspicions.

At trial, the Commonwealth established that on October 10, 1996, Wright paid Clay-

ton Tompkins, a local welder, to weld nuts onto several small pieces of angle iron pieces. Wright tied pieces of angle iron to corn in the fields to be harvested. When the combines hit the corn with the angle iron attached, the angle iron was propelled through the combine. As a result, two of Thompson's combines, a John Deere combine and a Gleaner combine, sustained damage.

Wright was charged with criminal mischief and agricultural vandalism. *See* 18 Pa.C.S.A. §§ 3304, 3309. Following a trial before a jury, Thompson was convicted of both charges. The jury, in returning its verdict, was required to fix the amount of the loss sustained by the victim for purposes of grading the offenses. The jury determined the loss to be more than $1,000.00, but less than $5,000.00. As such, the criminal mischief and agricultural vandalism convictions were graded as misdemeanors of the 2nd and 1st degree, respectively. Wright was sentenced to two concurrent terms of twenty-three months probation. The court also ordered Wright to pay restitution in the amount of $20,745.82. The court based its restitution order on information the court had before it at the time of sentencing, namely estimates and repair bills from agricultural implements dealers.

Wright filed post-sentencing motions, which were denied. This appeal followed. Wright raises two issues for our review: (1) whether the sentencing court erred in ordering Wright to pay restitution in an amount that exceeded the amount of damages determined by the jury for the purpose of grading the offenses; and (2) whether the verdict was against the weight of the evidence.

■ Restitution applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable. *Commonwealth v. Harner*, 533 Pa. 14, 19–20, 617 A.2d 702, 705 (1992). By ordering a defendant to pay restitution, a trial court serves two purposes. Specifically, "while the payments may compensate the victim, the sentence is also meant to rehabilitate the defendant by instilling in her mind *that it is her responsibility* to compensate the vic-

tim." *Commonwealth v. Gerulis*, 420 Pa.Super. 266, 287–89, 616 A.2d 686, 697 (1992), *alloc. den.*, 535 Pa. 645, 633 A.2d 150 (1993) (emphasis in original). In ordering restitution, however, a court "must make sure that the amount awarded not only does not exceed damages to the victim, but also does not exceed the [appellant's] ability to pay." *Commonwealth v. Torres*, 396 Pa.Super. 573, 579–81, 579 A.2d 398, 401 (1990) (quoting *Commonwealth v. Celane*, 311 Pa.Super. 93, 102, 457 A.2d 509, 514 (1982)).

■ A sentencing court must consider four factors before ordering restitution:

(1) the amount of loss suffered by the victim;

(2) the fact that defendant's action caused the injury;

(3) the amount awarded does not exceed defendant's ability to pay;

[and]

(4) the type of payment that will best serve the needs of the victim and the capabilities of the defendant.

*Commonwealth v. Valent*, 317 Pa.Super. 145, 147–49, 463 A.2d 1127, 1128 (1983) (citations omitted). *See also Commonwealth v. Jackson*, 376 Pa.Super. 433, 438–40, 546 A.2d 105, 108 (1988). In computing the amount of restitution, the sentencing court "[s]hall consider the extent of injury suffered by the victim and such other matters as it deems appropriate." 18 Pa.C.S.A. § 1106(c)(1). Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive. *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 156, 478 A.2d 5, 9 (1984). In addition, the sentencing court must apply a "but for" test in imposing restitution. "[D]amages which occur as a direct result of the crimes are those which should not have occurred but for the defendant's criminal conduct." *Gerulis*, 420 Pa.Super. at 287–89, 616 A.2d at 697.

■ Wright argues that the sentencing judge is bound by the jury's damage determination, which was made for the purpose of grading the offenses. *See* 18 Pa.C.S.A. §§ 3304(b), 3309(b); *see also* 18 Pa.C.S.A. § 1104 (Sentence of imprisonment for misde-

meanors). Wright contends that the restitution order should be limited to the jury's finding of damages not exceeding $5,000.00. We disagree.

■ A sentence imposing restitution is not an award of damages. *See Commonwealth v. Fuqua*, 407 A.2d 24, 267 Pa.Super. 504 (1979). Restitution for injuries to a person or property is authorized by statute "in addition to the punishment prescribed" for the crime at issue. *See* 18 Pa.C.S.A. § 1106(a). The amount of a restitution order is limited by the loss or damages sustained as a direct result of defendant's criminal conduct and by the amount supported by the record. *See Commonwealth v. Reed*, 374 Pa.Super. 510, 543 A.2d 587 (1988).

The record indicates that the John Deere combine sustained damage estimated at $5,376.19 for repair; the estimate to repair the damage to the Gleaner combine was $15,369.63. The John Deere combine was repaired in March of 1997 but, as of the time of trial, July of 1997, the Gleaner combine had not yet been repaired. Thompson testified that the Gleaner combine was scheduled to be repaired either late in July of 1997 or in August of 1997.

On cross-examination, Thompson testified that his insurance company had compensated him for the repair costs for both combines, less a $500.00 deductible.

In 1995, the legislature amended section 1106 of the Crimes Code, adding subsection (c), which states in pertinent part:

(c) **Mandatory restitution.—**

The court shall order full restitution:

... **The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay restitution ordered for loss previously compensated by an insurance company to the insurance company.**

18 Pa.C.S.A. § 1106(c)(1)(i) (emphasis added).

The sentencing court, in imposing its restitution order, compensated the victim for the damage to both combines; it did not reduce the amount by the insurance payment, 18 Pa.C.S.A. § 1106(c)(1)(i), and it did not limit

the order to the "out of pocket" repair expenses as of the date of trial. The order is supported by the record, *see Reed, supra,* and Wright points to no authority that limits the court's discretion to an amount determined by a jury for grading purposes. We find no abuse of discretion. *See Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487 (1997) (imposition of restitution is within sound discretion of the sentencing court and must be supported by the record); *see also Commonwealth v. Runion*, 541 Pa. 202, 662 A.2d 617 (1984) (same); *Gerulis, supra* (same); *Commonwealth v. Walton*, 326 Pa.Super. 492, 474 A.2d 348 (1984) (same).

■ Next, Wright argues that the verdict is against the weight of the evidence. Where issues of credibility and weight of the evidence are concerned, it is not the function of an appellate court to substitute its judgment based on a cold record for that of the trial court. *Commonwealth v. Paquette*, 451 Pa. 250, 257, 301 A.2d 837, 841 (1973); *McElrath v. Commonwealth*, 405 Pa.Super. 431, 443, 592 A.2d 740, 745 (1991). A new trial is warranted on a challenge to the weight of the evidence only if the verdict is so contrary to the evidence as to shock one's sense of justice. *McElrath* at 441–43, 592 A.2d at 745. Furthermore, issues of credibility are left to the trier of fact; the jury is free to accept all, part, or none of the witnesses' testimony. *Commonwealth v. Pirela*, 398 Pa.Super. 76, 83–85, 580 A.2d 848, 852 (1990); *Commonwealth v. Vitacolonna*, 297 Pa.Super. 284, 443 A.2d 838, 841 (1982).

Wright contends that the verdict was against the weight of the evidence because the Commonwealth's case was largely based upon circumstantial evidence and because he presented several alibi witnesses who testified that he was at the Eastern Shore in Maryland on October 10, 1996. The Commonwealth, however, presented witnesses, including Mr. Tompkins, the owner of the welding shop, who placed Wright at the welding shop on October 10, 1996.

■ "[I]t is within the province of the fact finder to determine the weight to be given to be given to the testimony and to believe all, part, or none of the evidence. " *Commonwealth v. Moore*, 436 Pa.Super. 495,

501, 648 A.2d 331, 333 (1994) (citations omitted). *Commonwealth v. Barzyk*, 692 A.2d 211 (Pa.Super.1997). "When conflicts and discrepancies arise, it is within the province of the jury to determine the weight to be given to each [witness's] testimony and to believe all, part or none of the evidence as [it] deem[s] appropriate." *Commonwealth v. Verdekal*, 351 Pa.Super. 412, 419–420, 506 A.2d 415, 419 (1986). Therefore, the facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence is 'so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977) (quoting *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943)). *See Commonwealth v. Manchas*, 430 Pa.Super. 63, 633 A.2d 618 (1993).

After a careful review of the testimony in this case, we do not find the verdict here so shocking to one's sense of justice so as to warrant a new trial. *McElrath, supra.* The conflict in the testimony of the defense witnesses and the Commonwealth's witnesses was resolved, by the jury, in favor of the Commonwealth. It is not this court's duty, but that of the factfinder, to resolve a credibility dispute. *Verdekal, supra.*

Judgment of sentence affirmed.