J-S41014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                                :
             v.                          :
                                                :
                                                :
ROBERT CRAIG GULACK            :
                                                :
              Appellant               :     No. 3112 EDA 2017

Appeal from the Judgment of Sentence September 8, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007043-2003

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:           **FILED OCTOBER 17, 2018**

Appellant, Robert Gulack, appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County, which found Appellant in violation of his probation for failing to pay full restitution in compliance with a restitution order. We vacate in part and affirm in part.

On May 25, 2005, Appellant entered an open plea to a single count of theft by deception in exchange for the Commonwealth's agreement to *nolle pros* all remaining charges arising from his acts of motor vehicle fraud in and prior to 2002, by which he and his father stole a total of $1,303,305.80 from at least 36 different victims while running a car dealership. Notes of Testimony ("N.T.") 5/26/05, at 3-5, 13-14. The trial court sentenced Appellant on October 19, 2005, to nine to 23 months of incarceration, followed by five years' probation, and it ordered Appellant to jointly and severally pay $1,303,305.80 restitution in monthly installments

_____

*  Former Justice specially assigned to the Superior Court.

of $100.00 during the term of his probation. Specifically, the sentencing order reads, "Defendant is sentenced to pay the costs of prosecution, and restitution of $1,303,305.80 . . . within the months of supervision in monthly installments as directed. Joint & several with co-defendant Stanley Gulack 0059-04[.]" Trial Court Order, 10/19/2005.

On August 12, 2012, Appellant stipulated to being in violation of his probation for failure to pay full restitution. He did so with the understanding that if he did not, he could be sentenced to three and one-half to seven years of incarceration less any time he had already served in custody. The trial court sentenced Appellant to a new five-year period of probation with the same conditions, and Appellant continued to make monthly restitution payments of $100 in compliance with the restitution order's schedule of payments.

On June 27, 2017, Appellant was served with a new notice of violation of probation. On August 30, 2017, pursuant to a court notice, Appellant appeared before the Honorable Kelly C. Wall for a ***Gagnon I*** hearing. The court, also informed by party briefs, found Appellant to be in violation of his probation for failing to pay the full amount of restitution, as he still owed $1,254,943.90 jointly and severally with his father.

The court, however, recognized that Appellant had consistently made the scheduled payments, such that it concluded recommitment was unnecessary. Hence, Appellant was not required to report to probation or to comply with any travel restrictions. Instead, on September 8, 2017, the court

- 2 -

sentenced Appellant to a new five-year period of supervision, requiring only payment of restitution in full through monthly restitution payments of $100.00. Appellant timely filed the present appeal.

Appellant presents the following questions for our review:

**I.     [DID] THE TRIAL COURT ERR[ ] BY FINDING APPELLANT IN VIOLATION OF HIS PROBATION FOR FAILURE TO PAY RESTITUTION IN FULL?**

**II.    [DID] THE TRIAL COURT ERR[ ] IN RESENTENCING APPELLANT TO A NEW PERIOD OF FIVE (5) YEARS OF PROBATION AND [WAS] SUCH SENTENCE [ ] UNCONSTITUTIONAL BECAUSE IT RENDERS APPELLANT ON PROBATION FOR PERPETUITY?**

Appellant's brief, at 3.

We begin by noting our well-settled standard of review.

> "It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence." *Commonwealth v. Hall*, 994 A.2d 1141, 1143 (Pa.Super. 2010) (*en banc*) (citation omitted), *affirmed on other grounds*, ––– Pa. ––––, 80 A.3d 1204 (2013). "A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa.Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa.Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is de novo and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa.Super. 2014) (citations omitted).

*Commonwealth v. Gentry*, 101 A.3d 813, 816–17 (Pa.Super. 2014).

Appellant's claims coalesce to challenge both the court's determination that he failed to comply with all conditions of his restitution obligation and the court's imposition of a new probationary sentence when he had already served the maximum possible term for which he could be confined. Specifically, he contends the court erroneously found he diverged from the terms of his restitution where he has not missed a scheduled payment in nearly 12 ½ years. Despite what he calls his "full compliance with the precise, exact language of his sentencing order," Appellant's brief, at 6, the trial court found him in violation for failing to pay the entire restitution amount. Appellant also maintains that extending his probationary period for another five-year term as a result is unlawful.

To the extent Appellant challenges the legality of his new probationary sentence, we agree that the trial court lacked authority to maintain enforcement of its restitution order through imposition of a new probationary sentence where he had already served the seven-year maximum term of confinement applicable to his crime.

> In the context of a criminal case, restitution may be imposed either as a direct sentence pursuant to 18 Pa.C.S. § 1106(a) or as a condition of probation pursuant to 42 Pa.C.S. § 9754. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. **See** 18 Pa.C.S.A. § 1106(a); [**Commonwealth v.**] **Harner**, [ ] 617 A.2d [702,] 704 [(Pa.Super. 1992)]. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. **Harner**, [ ] 617 A.2d at 706. As this Court stated in **Harner**:

> Such sentences are encouraged and give the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way.

> [**Id.**] at 707; ***see also Commonwealth v. Walton***, [ ] 397 A.2d 1179, 1185 ([Pa.] 1979). Thus, the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation. ***See Harner***, [ ] 617 A.2d at 707 & n.3; ***see also*** 42 Pa.C.S. § 9754(c)(8).

***Commonwealth v. Holmes***, 155 A.3d 69 (Pa. Super. 2017) (*en banc*)

(opinion in support of affirmance).

Restitution, imposed as a direct sentence, is set forth at Section 1106

of the Crimes Code, which provides in relevant part:

§ 1106. **Restitution for injuries to person or property.**

(a) General rule.--Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

(b) Condition of probation or parole.--Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

(c) Mandatory restitution.--

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.

\*\*\*

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

\* \* \*

(e) Restitution payments and records. --Restitution, when ordered by a judge, shall be made by the offender to the probation section of the county in which he was convicted or to another agent designated by the county commissioners with the approval of the president judge of the county to collect restitution according to the order of the court or, when ordered by a magisterial district judge, shall be made to the magisterial district judge. The probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution and the magisterial district judge shall maintain records of the restitution order and its satisfaction and shall forward to the victim the property or payments made pursuant to the restitution order.

(f) Noncompliance with restitution order. --Whenever the offender shall fail to make restitution as provided in the order of a judge, the probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution shall notify the court within 20 days of such failure. Whenever the offender shall fail to make restitution within 20 days to a magisterial district judge, as ordered, the

- 6 -

magisterial district judge shall declare the offender in contempt and forward the case to the court of common pleas. Upon such notice of failure to make restitution, or upon receipt of the contempt decision from a magisterial district judge, the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole.

18 Pa.C.S.A § 1106(a), (b), (c)(1)(i), (c)(2)(i), (ii), (iii), and (iv), (e), and (f).

Here, the trial court entered its order of restitution at the time it imposed sentence because it found Appellant "owes a significant amount of money to numerous victims and this court has a duty to ensure the successful completion of these payments to his victims." Trial Court Opinion, 11/8/17, at 2. As such, the court clearly imposed restitution as a component of Appellant's sentence pursuant to Section 1106, not as a condition of his probation under Section 9754, in order to address victims' losses resulting directly from Appellant's crimes. *See Commonwealth v. Wright*, 722 A.2d 157, 160 (Pa. Super. 1998) (victim's loss is direct result of defendant's offense when it "flows from the conduct that is the basis of the crime for which ... [the] defendant is held criminally accountable.").

Therefore, because the court imposed restitution as part of Appellant's direct sentence and made it effective during Appellant's probation pursuant to Section 1106(b), the court lacked authority to conclude Appellant committed a technical violation of his probation and resentence him to another term, as Appellant's seven-year maximum date for his third-degree felony had long since expired. *See* 18 Pa.C.S.A. § 1103(3) (person convicted of felony of the third-degree may be sentenced to imprisonment for a term not more than

seven years). Thus, we are constrained to vacate that portion of the sentencing order resentencing Appellant to a new five-year probationary term.

However, with respect to the part of the resentencing order directing Appellant to continue paying restitution, we find the court was within its authority to enforce its order of restitution against Appellant. When restitution is ordered under Section 1106(a), it is enforceable until it is paid. *See* 18 Pa.C.S.A § 1106(c)(1)(ii); *see also Commonwealth v. Griffiths*, 15 A.3d 73, 75 (Pa.Super. 2010) (holding court retains authority to enforce Section 1106(a) restitution order through contempt powers triggered by non-compliance, even after expiration of defendant's sentence).

Here, the court entered a restitution order directing Appellant to pay the remaining balance of restitution, $1,254,943.90, which was consistent with the statutory mandate calling for full restitution. *See* 18 Pa.C.S.A. § 1106(c)(1)(ii). Moreover, as noted above, full restitution payable through the county probation office as collection agent is prescribed by Section 1106(e). Should Appellant fail to comply with the payment schedule set forth in the court's restitution order, Section 1106(f) authorizes the probation office to notify the court, which then shall conduct a hearing to determine whether Appellant is in contempt of its restitution order.

Finally, we reject Appellant's attempt to analogize his continued restitution obligation to debtor's prison, as he is neither currently incarcerated nor subject to future incarceration simply for failure to pay restitution. Section 1106 would first require "inquiry into Appellant's ability to pay, the reasons

for his failure to pay, whether his failure to pay was willful, and if willful, whether any alternatives to incarceration were proper." ***Commonwealth v. Ballard***, 814 A.2d 1242, 1247 (Pa.Super. 2003). Appellant offers no statutory or decisional authority supporting his position that the applicable statutory regime is unconstitutional in this regard.

For the foregoing reasons, we conclude that Appellant's new probationary sentence is illegal and must be vacated. However, we affirm the portion of the resentencing order subjecting Appellant to continued restitution payments, as the court retains authority to enforce its order of restitution against Appellant, through use of its contempt powers, if necessary, until restitution is fully paid.

Judgment of sentence vacated in part and affirmed in part. Case remanded. Jurisdiction relinquished.

Judge Olson joins the memorandum.

P.J. Gantman notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/17/18</u>