J-A06031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD ANDREW BENDIK | : | |
| | : | |
| Appellant | : | No. 815 MDA 2018 |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000212-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD ANDREW BENDIK | : | |
| | : | |
| Appellant | : | No. 816 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 18, 2018
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000046-2016

BEFORE: OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:  **FILED APRIL 05, 2019**

Edward Andrew Bendik (Bendik) appeals from each judgment of
sentence imposed following two non-jury trials. He raises identical challenges
at both cases pertaining to his statutory right to a speedy trial, sufficiency of
evidence, and discretionary aspects of sentence. We affirm.

_____
* Retired Senior Judge assigned to the Superior Court.

**I.**

Bendik attacked two inmates while he was incarcerated pending trial and charged with an identical set of five counts[1] at each of the two criminal dockets captioned in this appeal. Bendik elected for a non-jury trial at both cases, which occurred consecutively on February 3, 2017. The judge found Bendik guilty of all charges and sentenced him the same day[2] to consecutive periods of 42 to 84 months of incarceration at each case.

While the two incidents do not overlap factually, we *sua sponte* consolidated these matters as Bendik raises the same three claims at each case. At the conclusion of each non-jury trial, the trial judge summarized his factual findings based on the testimony presented, which we adopt as our own.

### Case 46-2016 / 816 MDA 2018

> On the date of November 24, 2015, the Defendant, Edward Bendik, and the victim, Alex Bell, were both inmates housed at the Clinton County Correctional Facility. On the same date at approximately 6:30 a.m., both Mr. Bell and Mr. Bendik were located in Classification Cell No. 1 at the facility awaiting transport

---

[1] Aggravated Assault, 18 Pa.C.S. § 2702(a)(1); Assault by Prisoner, 18 Pa.C.S. § 2703(a); Simple Assault, 18 Pa.C.S. § 2701(a); Recklessly Endangering Another Person, 18 Pa.C.S. § 2705; and Harassment, 18 Pa.C.S. § 2709(a)(1).

[2] Bendik was also sentenced on the third case that same date. This Court separately issued a memorandum involving that case, which had proceeded to a jury trial. **See Commonwealth v. Bendik**, 2019 WL 256501 (Pa. Super. 2019) (unpublished memorandum). Bendik failed to file a timely notice of appeal for these two cases but his appellate rights were subsequently reinstated through the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

to court. On or about the same time, while Mr. Bell was in a seated position, he was viciously attacked by the Defendant, Edward Bendik. Mr. Bendik punched, kicked, and stomped on the head and face of Mr. Bell numerous times during the incident. These findings are supported by a video of the incident that was maintained by the correctional facility. The Court finds that as a result of the attack, Mr. Bell suffered multiple bruising, multiple cuts, swelling, and abrasions to the head and facial region. These injuries were documented by various photos that were introduced into evidence.

Mr. Bell did not receive stitches, Mr. Bell had no broken bones, Mr. Bell had no scarring, Mr. Bell had no loss of blood, Mr. Bell was seen by the medical department at the facility and was not admitted to any other medical facility. Mr. Bell was ambulatory following the incident, although, he did need some minor assistance in being able to walk, and Mr. Bell received Tylenol by way of medication. Furthermore, Mr. Bell did not wish to participate in today's proceedings.

N.T., 2/3/17, at 87-88.

## **Case 212-2016 / 815 MDA 2018**

On March 13, 2016, the Defendant, Edward Bendik, and the victim, Curtis Reynolds, were both inmates at the Clinton County Correctional Facility. On the same date at approximately 4:29, the Defendant and the victim were both located in the visitation area of the correctional facility talking to other individuals on the correctional facility phone system. At approximately 4:29 p.m. the same date, the Defendant approached Curtis Reynolds, walk[ed] behind Mr. Reynolds and punched Mr. Reynolds unprovok[ed] in the face, back, and ribs numerous times. The Defendant eventually threw Mr. Reynolds to the floor in the corner of the visitation room and continued to punch Mr. Reynolds numerous times. The Defendant had to be removed from Curtis Reynolds by at least two correctional officers.

As a result of the punches, Mr. Reynolds received a large contusion and laceration to his right eye. He also had blood coming from his nose area. He also received a laceration to the elbow area. Mr. Reynolds suffered pain to his neck, back, and ribs. Mr. Reynolds continues to experience pain in the lower back as of today's testimony.

> The Court would note that this incident was memorialized via video, and there also were photos, taken of Mr. Reynolds' injuries that the Court has previously identified. Mr. Reynolds also suffered bad headaches as a result of the attack.
>
> The Court finds that Mr. Reynolds received medical treatment at the correctional facility which consisted of aspirin and an ice pack. The Court makes a further finding that based on the photographs that have been presented this date that the Defendant did cause bodily injury to the victim, Curtis Reynolds[.]

*Id*. at 91-92.

As previously stated, Bendik raises the same three claims at each appeal with slight differences owing to factual distinctions regarding the separate claims. We shall address all claims together for both appeals.

**II.**

Bendik's first claim is that the trial court erroneously failed to grant his motion to dismiss under Pennsylvania Rule of Criminal Procedure 600, which sets forth time limits for commencing trial. Bendik alleges that since he was incarcerated and not brought to trial within 180 days as required by the Rule, he was entitled to dismissal.

Preliminarily, we note that it is unclear if this motion was validly presented. Immediately prior to trial, Bendik's counsel said, "my client . . . has provided me with a written motion for Rule 600," N.T., 2/3/17, at 3, which the court took under advisement. At the conclusion of both trials, Bendik himself argued its merits. However, Bendik could not litigate a *pro se* Rule 600 motion that counsel did not adopt. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) ("Appellant had no right to

file a *pro se* motion because he was represented by counsel. This means that his *pro se* post-sentence motion was a nullity, having no legal effect.") (citation omitted). Accordingly, this motion arguably did not exist, leaving nothing to review.

In any event, it is clear that Bendik is not entitled to relief as he mistakes the applicable remedy. Dismissal is reserved for failures to bring the defendant to trial within 365 days.[3] The pertinent provisions of Rule 600 read:

**(A) Commencement of Trial; Time for Trial.**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

    (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . . .

**(B) Pretrial Incarceration.** Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of

(1) 180 days from the date on which the complaint is filed . . .

. . . .

---

[3] At case 212-2016, the trial took place within one year of the complaint, which was filed on March 29, 2016. At case 46-2016, charges were initiated on December 3, 2015. While trial did not occur within one calendar year, Bendik does not allege a violation of the 365-day limit. Furthermore, the Rule excludes certain periods of time from the calculation.

**(D) Remedies.**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion **requesting that the charges be dismissed** with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

(2) Except in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion **requesting that the defendant be released immediately on nominal bail** subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600 (emphases added).

Here, Bendik argues that he was entitled to dismissal for a violation of paragraph (B). "Appellant should have been tried within 180 days of where the charges were filed . . . which he was not. Accordingly, a violation has occurred, and the Appellant should have been released from custody **and the charges should have been dismissed**." Bendik's briefs at 7 (emphasis added). But as emphasized in the quoted text, dismissal is a remedy reserved for violations of paragraph (A). Assuming a violation of paragraph (B), Bendik was only entitled to release on nominal bond before trial. ***See Commonwealth v. Murray***, 879 A.2d 309, 314 (Pa. Super. 2005) ("Other than release on nominal bail, no other remedy is prescribed for defendants

- 6 -

incarcerated for less than three hundred sixty-five days, even if they were not, in fact, released on nominal bail."). His claim, therefore, fails.

## III.

Bendik next argues that the evidence was insufficient[4] to support his convictions for the crimes of Aggravated Assault and Assault by Prisoner.[5] We quote his argument in full for 815 MDA 2018:

---

[4] In his summary of argument, Bendik alleged that the "injuries suffered by the victim were so minor that the Court should not legally have found that the Appellant attempted to cause serious bodily injury[.]" Bendik's briefs at 4. This appears to attack the sufficiency of the evidence as a matter of law. Yet in the actual argument section, Bendik argues that the verdict "is so contrary to the evidence as to shock one's sense of justice." *Id*. at 5. That assertion goes to the weight of the evidence, not its sufficiency. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). One paragraph later, Bendik again pivots and writes, "Clearly the evidence was insufficient[.]" *Id*. The failure to clearly advance a coherent argument hampers our review.

[5] We apply the following standard of review when reviewing the sufficiency of evidence in bench trials:

> Evidence is sufficient to support a conviction where, viewing all of it in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth has introduced evidence so that the fact-finder could conclude that every element of the crime charged could be found beyond a reasonable doubt. *Commonwealth v. Dailey*, 828 A.2d 356, 358 (Pa.Super.2003). It is the role of the fact-finder to determine whether the evidence is believable in whole, in part, or not at all, and to assign weight to the evidence that it believes as it deems appropriate. *Commonwealth v. Wright*, 722 A.2d 157, 161 (Pa.Super.1998). An appellate court should interfere with the trial court's findings from the evidence in a non-jury trial only if "the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances." *Id.* (quotations omitted).

In the instant matter, the victim suffered only a cut on his left elbow, a lump under his right eye and bruising and some bleeding. He also suffered broken glasses. The victim here had no stitches and was treated only at the Clinton County Correctional Facility. NT 43, 44.

Clearly the evidence was insufficient for the Court to convict Appellant of the violation of Pa.C.S.A. 2702 and 2703 where the victim suffered such minor injuries, as here.

Likewise, with the charge of Aggravated Assault, and Assault by a Prisoner, a violation of sections 2702 and 2703 of the Crimes Code, it is argued that the Appellant did not cause serious bodily injury to another nor did he attempt to cause same as the evidence indicates that only minor injuries were suffered by the victim of this case. Both laws require an attempt to cause "serious bodily injury" in order that the Appellant to be convicted.

In each offence, the Appellant was convicted of attempting to cause serious bodily injury. However, there was no testimony that the Appellant had either a gun or a knife to which would be used to inflict serious bodily injury. ***See, Com. v. Fortune***, 68 A.3d 980, Super.2013, appeal denied 78 A.3d 1089, 621 Pa. 701. ***See also***, ***Com. v. Gray***, 867 A.2d 560, Super02005 [*sic*], appeal denied 879 A.2d 781, 583 Pa. 694. The fact is that the Appellant did not have any type of weapon used on the victim in the charges in the instant matter.

Bendik's brief, 815 MDA 2018, at 5-6 (citations to transcript omitted). As to

the other case, Bendik reproduces the same argument with the exception of

the first paragraph which was modified to state:

In the instant matter, the victim suffered only bruising and pain such that he was given Tylenol, he had no stiches, nor bleeding. He did not need to be seen by a Medical Doctor or taken to a Medical Facility for treatment. He had no broken bones and he was able to walk. He was only seen by the Prison Medical Personnel. NT 20, 21.

---

***Commonwealth v. George***, 878 A.2d 881, 885 (Pa. Super. 2005).

Bendik's brief, 816 MDA 2018, at 5.

Accordingly, Bendik's argument attacks the element "attempts to cause serious bodily injury," 18 Pa.C.S. § 2702(a)(1), as to Aggravated Assault, and the element "commits an assault upon another . . . by any means or force likely to produce serious bodily injury," 18 Pa.C.S. § 2703, for Assault by Prisoner. Bendik's argument appears to be that the Commonwealth cannot satisfy the elements of these respective crimes where (1) serious bodily injury did not occur and (2) the attacker does not use a weapon.

There is no dispute that Bendik did not actually cause serious bodily injury and as a result the Commonwealth was required to establish that Bendik specifically intended to do so.[6] Our Supreme Court explained the relevant concepts in **Commonwealth v. Matthew**, 909 A.2d 1254, 1257 (Pa. 2006):

> A person may be convicted of aggravated assault graded as a first degree felony if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life...." 18 Pa.C.S. § 2702(a)(1). "Serious bodily injury" means "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). An attempt under § 2702(a)(1)

---

[6] As indicated by the statutory text, a conviction for Assault by Prisoner requires that the actor use force that is likely to **actually** produce serious bodily injury, whereas Aggravated Assault merely requires that the actor intend to cause serious bodily injury. Bendik treats the two alike and for purposes of review, we do the same.

- 9 -

requires a showing of some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. **Commonwealth v. Alexander**, 477 Pa. 190, 383 A.2d 887, 889 (1978).

"A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result...." 18 Pa.C.S. § 302(b)(1)(i). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.

**Alexander** created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a defendant possessed the intent to inflict serious bodily injury. **Alexander** provided a list, albeit incomplete, of factors that may be considered in determining whether the intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. **Alexander**, at 889. **Alexander** made clear that "simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault. All we hold is that the evidence in the instant case is insufficient to support such a finding." **Id.** at 889-90.

**Id**. at 1257 (some citations omitted).

Applying the totality of the circumstances, there was sufficient evidence presented by the Commonwealth for the trial court could to conclude that Bendik intended to cause serious bodily injury beyond a reasonable doubt. Regarding Mr. Bell, the trial court characterized the attack as "vicious" and

Bendik "punched, kicked, and stomped on the head."[7] *See Commonwealth v. Kinney*, 157 A.3d 968, 973 (Pa. Super. 2017) ("The evidence was sufficient to prove that Appellant attempted to cause Mr. Pepperman serious bodily injury by repeatedly kicking and punching him in the head until he lost consciousness."). Turning to Mr. Reynolds, the court noted that Bendik threw the victim to the ground during the attack and stated that Bendik "had to be removed from Curtis Reynolds by at least two correctional officers[.]" N.T., 2/3/17, at 87. As noted by *Matthews*, a relevant consideration is "any restraint on the defendant preventing him from escalating the attack[.]" *Matthews*, 909 A.2d at 1257.

## IV.

Finally, Bendik challenges the discretionary aspects of his sentence. We quote the entirety of his argument as set forth in both briefs: "Finally, to impose a sentence of 42 to 84 months in Prison for crimes where the victim was barely injured was, and is, an abuse of discretion by the Lower Court." Bendik's briefs at 7. This argument is so woefully undeveloped that we deem it waived. "Finally, we note appellant's argument on the issue is utterly undeveloped. Undeveloped claims are waived." *Commonwealth v. Snyder*, 870 A.2d 336, 342 (Pa. Super. 2005) (citation omitted).

---

[7] Additionally, during a hearing on post-sentence motions, the judge noted that Mr. Bell "was balled up and his arms over his head" during the attack in an attempt to shield himself from the blows. N.T., 5/24/17, at 23.

Judgments of sentence affirmed.

Judge Ott joins the memorandum.

Judge Nichols concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/05/2019