J-S31007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONEESE DAVIS | : | |
| | : | |
| Appellant | : | No. 1048 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 21, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011185-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BREONNA LASHAE SWEENEY | : | |
| | : | |
| Appellant | : | No. 1115 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 12, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011186-2017

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 29, 2019**

Appellants, Roneese Davis (Davis) and Breonna Lashae Sweeney
(Sweeney) (collectively, Appellants), appeal from the judgments of sentence
entered on March 12, 2018, as made final by the entry of restitution orders
on June 21, 2018, following their guilty pleas to simple assault, disorderly

conduct, criminal mischief, and harassment.[1]  For the reasons that follow, we are constrained to vacate and remand for resentencing.

The trial court summarized the facts and procedural history of this case as follows:

> On March 12, 2018, Appellants plead [*sic*] guilty to the above referenced charges and were sentenced in accordance with a plea agreement to two (2) years of probation [for] [s]imple [a]ssault, followed by a consecutive one (1) year period of probation for [d]isorderly [c]onduct.  The facts, which were stipulated to at the guilty plea[,] are as follows:
>
>> On May 20, 2017, police responded to an assault in-progress on a Port Authority bus [in Pittsburgh, Pennsylvania]. The officer observed the victim in the rear of the bus with visible facial injuries, including blood inside and around her mouth and nose.  The victim complained of head and facial pain, vision problems, and reported that her eyeglasses were broken during the assault.  Video surveillance footage captured the assault and corroborated the victim and witness accounts that Appellants physically attacked the victim by repeatedly punching her about the face.  At sentencing, the Commonwealth submitted a restitution order for $5,383.88 representing the costs associated with some of the victim's medical treatment.  Appellant[s] requested a restitution hearing.  The hearing took place on April 13, 2018, wherein [Appellants] argued that the medical records were incomplete and that the Commonwealth failed to establish direct causation between the assault and the [victim's] detached retina diagnosis. The [trial c]ourt became aware during the hearing that the Commonwealth had received additional medical records, prompting a continuation of the hearing.  When the parties reconvened before [the trial c]ourt on May 8, 2018, Appellants reiterated their argument regarding lack of direct causation and also challenged the authority of the [trial c]ourt to order restitution to Equian[, a third-party collection

---

[1]  18 Pa.C.S.A. §§ 2701(a)(1), 5503(a)(4), 3304(a)(4), and 2709(a)(1), respectively.

agency]. Citing 18 P.S. § 11.10[3 and 18 Pa.C.S.A. § 1106], Appellants argued that Equian, a third[-]party collection agency seeking restitution on behalf of the [victim's] medical provider, UPMC, is not statutorily authorized to receive payment. Briefs were ordered [and received] on the issue of Equian's eligibility and argument took place on June 21, 2018. After argument, [the trial c]ourt entered a restitution order[, docketed in both cases,] in the amount of $5,383.88 payable [in equal parts by Davis and Sweeney] to Equian, finding that payment to a collection agency designated by an entity entitled to receive restitution, achieves the legislative purpose of the statute: rehabilitation and punishment. Post-sentence motions challenging the legality of the restitution order were denied and timely [n]otices of [a]ppeal [and court-ordered concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)] were filed by both Appellants raising identical issues. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 31, 2018.]

Trial Court Opinion, 8/31/2018, at 2-4 (footnotes omitted).

On appeal, Davis raises the following issues for our review:

1. Was the trial court's sentence illegal in ordering $5,383.88 in restitution to Equian, a debt collector, under the restitution statute, 18 Pa.C.S.[A.] § 1106, when Equian was not an entity listed under the aforementioned restitution statute?

2. Was the trial court's sentence illegal because the record supports no causal connection between the ordered restitution for the injury complained of, a detached retina, and the simple assault to which [] Davis pleaded guilty?

Davis' Brief, at 3 (numbers supplied).

On appeal, Sweeney raises the following issues for our review:

I. Did the trial court impose an illegal sentence in ordering restitution to Equian, a debt collector, in the amount of $5,383.88 where (1) Equian is not an entity that is statutorily entitled to receive restitution under 18 Pa.C.S.[A.] § 1106 (relating to restitution for injuries to person or property), and (2) the record does not support a causal connection between the amount of restitution

> ordered for personal injury to the complaining witness –
> namely a detached retina – and the simple assault to which
> [] Sweeney pled guilty?

Sweeney's Brief at 7 (complete capitalization omitted).

First, Appellants contend that the trial court erred by ordering Equian, a third-party debt-collector, to receive restitution under 18 Pa.C.S.A. § 1106, because a debt-collector is not a "victim" as statutorily defined and "the General Assembly had not otherwise manifested an intent to include debt collectors as victims entitled to restitution."  Sweeney's Brief at 31; **see also** Davis' Brief at 15 ("Equian is neither a victim nor is it an entity that reimbursed [the victim] directly or indirectly.")  Next, Appellants argue that restitution is only proper when there is a direct causal connection between the victim and the criminal conduct of a defendant  and that the medical records as submitted by the Commonwealth failed to connect Appellants' assaultive conduct directly with the victim's detached retina.  Sweeney's Brief at 39-41; Davis' Brief at 16-17.   As explained below, however, because the trial court erred as a matter of law by failing to determine the amount of restitution at the original time of sentencing, we are constrained to vacate the restitution orders and underlying judgments of sentence and remand the case for resentencing.

This Court recently reiterated:

[This Court may *sua sponte* review an order imposing restitution, entered after the separate entry of judgment of sentence, as it implicates the legality of sentence]. *See Commonwealth v. Mariani*, 869 A.2d 484 (Pa. Super. 2005) (explaining judgment of sentence including open restitution "to be determined at later date" is *ipso facto* illegal); *Commonwealth v. Deshong*, 850

A.2d 712, 713 (Pa. Super. 2004) (stating timeliness of court's imposition of restitution concerns legality of sentence). *See also **Commonwealth v. Oree***, 911 A.2d 169, 172 (Pa. Super. 2006), *appeal denied*, 918 A.2d 744 (Pa. 2007) (maintaining legality of sentence claims cannot be waived, given proper jurisdiction, and Superior Court can review illegal sentences *sua sponte*).

Issues concerning a court's statutory authority to impose restitution implicate the legality of the sentence. ***Commonwealth v. Smith***, 956 A.2d 1029 (Pa. Super. 2008) (*en banc*), *appeal denied*, 989 A.2d 917 (Pa. 2010). "Issues relating to the legality of a sentence are questions of law...." ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa. Super. 2008), *appeal denied*, 955 A.2d 356 (Pa. 2008). When the legality of a sentence is at issue, our "standard of review over such questions is *de novo* and our scope of review is plenary." ***Id.*** "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated...." ***Commonwealth v. Pombo***, 26 A.3d 1155, 1157 (Pa. Super. 2011) (quoting ***Commonwealth v. Bowers***, 25 A.3d 349, 352 (Pa. Super. 2011), *appeal denied*, 51 A.3d 837 (Pa. 2012)).

In criminal proceedings, an order of restitution is a sentence (even when imposed as a condition of probation); it is not an award of damages; "recompense to the victim is secondary." ***Mariani, supra*** at 486 (quoting ***Commonwealth v. Wright***, 722 A.2d 157, 160 (Pa. Super. 1998)). The objectives of restitution differ from the objectives of awarding damages; although the amounts are related, they "need not be coterminous." ***Id.*** "[T]he primary purpose of restitution is rehabilitation of the offender by impressing upon [her] that [her] criminal conduct caused the victim's loss or personal injury and that it is [her] responsibility to repair the loss or injury as far as possible." ***Commonwealth v. Solomon***, 25 A.3d 380, 389 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1236 (Pa. 2012) (quoting ***Mariani, supra*** at 486).

***Commonwealth v. Ramos***, 197 A.3d 766, 768–769 (Pa. Super. 2018).

The imposition of restitution is statutorily set forth at 18 Pa.C.S.A.

§ 1106, which provides in pertinent part:

**§ 1106. Restitution for injuries to person or property**

**(a) General rule**.–Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.**—

(1) The court shall order full restitution:

\* \* \*

(2) **At the time of sentencing the court shall specify the amount and method of restitution**. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

\* \* \*

(3) **The court may**, **at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, **alter or amend any order of restitution** made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

(4)(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be

> based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S.A. § 1106(a), (c)(1)-(4)(i) (emphasis added); **see also Commonwealth v. Dinoia**, 801 A.2d 1254, 1257 (Pa. Super. 2002) (Section 1106(c)(2) includes "the requirement that if restitution is ordered, the amount must be **determined at the time of sentencing**....") (emphasis in original).

We have stated:

> [Section 1106] place[s] upon the Commonwealth the requirement that it provide the court with its recommendation of the restitution amount at or prior to the time of sentencing. Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2)...." Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary.

> [**Dinoia**, 801 A.2d at 1257] (internal citations and footnote omitted). **See also Smith**, **supra** (holding **court cannot impose generalized, open-ended restitution order at sentencing and then "work out the details" and amounts at later date**; order of restitution "to be determined later" is *ipso facto* illegal); **Mariani**, **supra** (explaining Section 1106(c) has two, inextricable components: (1) time at which restitution sentence must be imposed, *i.e.*, at sentencing hearing, and (2) specific nature of such sentence, *i.e.*, definite as to amount and method of payment). Thus, an order entered after the delayed restitution proceeding is not what renders the sentence illegal; it is the court's order at the initial sentencing, postponing the imposition of restitution until a later date, that fails in both respects to meet the criteria of the restitution statute and taints the entire sentence. **Id.** at 486; 18 Pa.C.S.A. § 1106.

> As long as the sentencing court sets **some** amount and method of restitution at the initial sentencing, the court can later modify that order, but only if the requirements of Section 1106(c)(3) are met. **Commonwealth v. Dietrich**, 970 A.2d 1131 (Pa. 2009). This authority to modify restitution takes into account that the full

amount of restitution might be indeterminable before sentencing under Pa.R.Crim.P. 704. *Id.*

*Ramos*, 197 A.3d at 770 (footnote omitted; emphasis added).

Before Appellants entered their guilty pleas at the March 12, 2012 hearing, the Commonwealth averred that the victim was entitled to restitution for a damaged pair of eyeglasses totaling $149.00, an ambulance ride and the first visit to the hospital that were paid for by the Victim's Compensation Assistance Program, and the victim's subsequent surgeries and medical bills totaling $5,383.88. *See* N.T., 3/12/2018, at 15-16. Counsel for Appellants requested a "restitution hearing" regarding the medical bills. *Id.* at 15. Appellants then pled guilty and proceeded directly to sentencing. *Id.* at 16-19. The victim gave an impact statement to the trial court. *Id.* at 20-21. The trial court then asked the Commonwealth "how long [it] would take to get the restitution information together[.]" *Id.* at 21. The Commonwealth responded that it had "all of the restitution information present" and was ready to proceed on restitution. *Id.* However, counsel for Davis stated that she wanted to "go through the itemized bill for the hospital … to make sure [it reflected] the correct amount." *Id.* at 22. The trial court sentenced both Appellants to probation, but "[left] the question of restitution open for a period of 30 days for a subsequent proceeding[.]" *Id.* at 24. When solicited for questions, Sweeney asked the trial court when the restitution would go into effect. *Id.* at 26. The trial court stated:

> We haven't decided that yet. We have to have another hearing about that. […W]e will bring you back within 30 days on some Friday that I'm available. And I will listen to restitution testimony and I will make whatever findings that I find are merited.

*Id.* at 26. At the end of the sentencing proceeding, the Commonwealth asked counsel for Appellants whether it was necessary to bring the victim back for the additional proceeding to testify about her broken glasses. *Id.* at 29. Counsel for Appellants claimed it was not necessary, implicitly conceding restitution was warranted for the victim's property loss. *Id.*

Thereafter, on March 12, 2018, the trial court entered sentencing orders for both Appellants. The original sentencing orders neither directed payment of restitution nor specified any amount for repayment. While the trial court included a "taxing bill" that included an "itemized account of fines, costs, fees, and restitution," no restitution was listed.

The trial court then held restitution hearings on April 13, 2018, May 8, 2018, and June 21, 2018. On June 21, 2018, the trial court entered the orders complained of on appeal, captioned "RESTITUION ORDERED – ORDER OF SENTENCE." In those orders, the trial court ordered restitution in a lump sum amount of $6,829.59 to be paid jointly and severally by Appellants. This restitution was imposed on Appellants' convictions for simple assault. Attached to each of the June 21, 2018 orders is a document entitled

"RESTITUTION COURT ORDER," which was dated April 13, 2018.[2]  In the April 13, 2018 orders, the restitution owed by each Appellant is separated into three categories:  $149.00 to the victim for her broken eyeglasses,[3] $1,296.71 to the Victims Compensation Assistance Program for the victim's initial medical treatment, and $5,383.88 to Equian, a third-party debt collector, for the victim's subsequent surgeries and hospitalization.   Pursuant to Section 1106(c)(2), however, the trial court did not have the authority to leave the amount and method of payment for restitution open for a decision at a later date.   As the record makes clear, the trial court intended restitution as an integral part of the sentencing scheme on March 12, 2018, but waited until later to impose it.  As we concluded in *Ramos*:

> Notwithstanding the statutory language [of Section 1106] and case law requiring imposition of some amount of restitution and a method of payment at the time of sentencing, we continue to see courts make a general order of restitution as part of the sentence but postpone the actual specifics to a later date. This practice is contrary to law. In other words, a sentence intended to include restitution, which is initially entered without a definite amount and a method of payment is illegal and must be vacated in its entirety.

---

[2]   The "restitution orders" are dated and docketed April 13, 2018, which coincides with the first hearing on restitution. However, the trial court then held two additional hearings before entering the June 21, 2018 orders that relied upon the attached April 13, 2018 orders.

[3] In addition, we note that the trial court erred by attributing the $149.00 for the victim's eyeglasses to Appellants' simple assault convictions.  As the Commonwealth noted, it sought $149.00 for damage to the victim's personal property as a result of criminal mischief.  *See* N.T., 3/12/2018, at 16.  As such, we conclude that the trial court erred by lumping the $149.00 into the total restitution amount ordered and linking it to Appellant's simple assault convictions.

- 10 -

***Ramos***, 197 A.3d at 770–771.  Accordingly, we vacate the orders pertaining to restitution entered on April 13, 2018 and June 21, 2018, as well as the earlier March 12, 2018 sentencing orders for both Appellants and remand for resentencing.  Due to our disposition, we decline to address Appellants' issues regarding causation and whether restitution is payable to a debt-collector. These issues are subject to change at resentencing.

Judgment of sentence vacated.  Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/29/2019