1999 PA Super 32

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Tammi L. DOHNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 15, 1998.

Filed Feb. 18, 1999.

Charles T. Jones, Jr., Public Defender, Lebanon, for appellant.

David P. Wingert, Asst. Dist. Atty., Lebanon, for Commonwealth, appellee.

Before POPOVICH, SCHILLER and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 This is an appeal from an order denying appellant's Post–Sentence Motion for Modification of Sentence, which was entered on November 25, 1997. We affirm.

¶ 2 Appellant, Tammi L. Dohner, was charged with theft by deception of two thousand dollars ($2,000.00) during her employment as an assistant manager with Long John Silver's Restaurant ("the restaurant"). The case proceeded to trial by jury; and the jury returned a verdict of guilty on the charge of theft by deception as a misdemeanor of the third degree, which involved a finding that the amount stolen was less than fifty dollars ($50.00). On August 27, 1997, the trial court sentenced Ms. Dohner to a suspended sentence upon the condition that appellant pay the costs of prosecution, pay a fine of two hundred dollars, and be on probation for twelve months. The court imposed a specific condition that Ms. Dohner pay restitution to the restaurant in the amount of $2,000.00.

¶ 3 Ms. Dohner filed a post-sentence motion in opposition to the judgment of sentence. The sentencing court denied Ms. Dohner's motion on November 25, 1997. This timely appeal followed. Appellant presents a single issue for our review: "If a Jury finds a Defendant guilty of a 3rd Degree Misdemeanor Theft based upon a finding that the amount for which Defendant is criminally responsible for was less than fifty dollars ($50.00), may a Court at time of sentencing, order restitution exceeding forty-nine dollars and ninety-nine cents ($49.99)[?]" Appellant's brief, at 2. Recently, in *Commonwealth v. Wright*, 722 A.2d 157 (Pa.Super.1998), this Court examined the precise issue involved in the present appeal and held that when an order to pay restitution is supported by the record, the sentencing court may exceed the jury's damage determination that was made for the purpose of grading the offense. Based upon our decision in *Wright*, we affirm the order denying appellant's motion for modification of sentence.

¶ 4 Ms. Dohner relies upon our decision in *Commonwealth v. Reed*, 374 Pa.Super. 510, 543 A.2d 587 (1988), for the proposition that the restitution order should be limited to the jury's finding of damages, which was less than $50.00. In *Reed*, the defendant was charged and convicted of theft by receiving stolen property having a combined value of not more than $480.00. Defendant was ordered to pay restitution in the amount of $12,002.67, which was an amount equal to the total loss sustained by the victim. Although the total amount ordered by the court was equal to the total losses, we held that there was no evidence to show a causal connection between the total losses sustained and the defendant's role in receiving some of the property stolen. In the present matter, however, we find that there was sufficient evidence before the court to find a causal connection between appellant's actions and the losses sustained by the restaurant. Thus,

our decision in *Reed* does not control our decision in this case.

¶ 5 Restitution may be imposed only for those crimes to property or person where the victim suffered a loss that flows from the conduct that forms the basis of the crime for which the defendant is held criminally accountable. *Commonwealth v. Harner*, 533 Pa. 14, 617 A.2d 702, 705 (1992). In computing the amount of restitution, the court "[s]hall consider the extent of injury suffered by the victim and such other matters as it deems appropriate." 18 Pa.C.S.A. § 1106(c)(2)(i). "Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive." *Commonwealth v. Reed*, 374 Pa.Super. 510, 543 A.2d 587, 589 (1988). The amount of a restitution order is limited by the loss or damages sustained as a direct result of defendant's criminal conduct and by the amount supported by the record. *Wright*, 722 A.2d at 160.

¶ 6 In the present case, although the jury determined that the amount involved in the theft was less than $50.00, the sentencing court had sufficient evidence to require that appellant pay the restaurant $2,000.00 in restitution. During trial, the Commonwealth presented a handwritten statement signed by Ms. Dohner, admitting that she was responsible for stealing approximately $2,000.00 from the restaurant's register. Also, the Commonwealth presented an authorization to withhold monies signed by Ms. Dohner, in which she authorized the restaurant to withhold up to $2,000.00 in payment of her debt to the restaurant. Finally, the Commonwealth offered the testimony of the loss prevention director of the restaurant chain, who calculated that Ms. Dohner had stolen approximately $2,000.00 from the restaurant's register. The record supports the order for restitution, and the amount was neither speculative nor excessive. Thus, we find no abuse of discretion, and we affirm.

¶ 7 Accordingly, order affirmed.