J-S91022-16

2017 PA Super 78

| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | v. | |
| GEORGE POPLAWSKI | | |
| | Appellant | No. 820 MDA 2016 |

Appeal from the Judgment of Sentence May 2, 2016
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002941-2013

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

OPINION BY RANSOM, J.: **FILED MARCH 24, 2017**

Appellant, George Poplawski, appeals from the judgment of sentence of eighteen months of probation, as well as restitution in the amount of $41,637.00. We vacate and remand.

The facts underlying Appellant's conviction are unnecessary to the disposition of his appeal. However, we briefly summarize the procedural history of his case as follows. Appellant was arrested and charged with theft by deception, deceptive or fraudulent business practices, and home improvement fraud for receiving advance payment for services that he failed to perform.[1] Following a jury trial in November 2014, Appellant was

---

[1] 18 Pa.C.S. §§ 3922(a)(1), 4107(a)(2), and 73 P. S. § 517.8(a)(2), respectively.

[*] Former Justice specially assigned to the Superior Court.

acquitted of the first two charges, but convicted of home improvement fraud. Specifically, the jury found him guilty of receiving advance payments of $2,000.00 or less for work he did not perform. **See** 73 P.S. § 517.8(a)(2), (c)(2) ("A violation of subsection (a)(2) constitutes: … (ii) a misdemeanor of the first degree if the amount of the payment retained is $2,000 or less…").

On January 9, 2015, the court sentenced Appellant to eighteen months of probation. No amount of restitution was imposed on that date. On January 28, 2015, the court conducted a restitution hearing and imposed restitution in the amount of $41,637.00.

Appellant timely appealed his judgment of sentence. On February 9, 2016, this Court vacated Appellant's sentence in its entirety and remanded for resentencing. **See Commonwealth v. Poplawski**, 141 A.3d 589 (Pa. Super. 2016) (unpublished memorandum). As Appellant's restitution was part of his direct sentence, the court was required to impose restitution at the same time as his sentencing hearing. **Id.**

On May 2, 2016, Appellant appeared for resentencing. The Commonwealth referred to the complainant's trial testimony regarding the amount expended to correct work Appellant had allegedly done. **See** Notes of Testimony (N. T.), 5/2/16, at 3-4. Further, the Commonwealth indicated a contractor hired by the complainant had testified that he expended $41,637.00 to correct the work Appellant had allegedly performed. **Id.** The

court resentenced Appellant to eighteen months of probation and restitution in the amount of $41,637.00. *Id.* at 6.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The sentencing court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review:

I. The honorable trial court erred when it imposed an illegal sentence of restitution in the amount of $41,637.00, because there was no causal connection between the crime for which Appellant was convicted of and the amount of said restitution.

II. The honorable trial court erred when it imposed an illegal sentence of restitution in the amount of $41,6370.00, because said amount was speculative and not supported by the record.

Appellant's Brief at 4 (unnecessary capitalization omitted).[2]

Due to our disposition of Appellant's issues, we will address them together. Appellant argues that the court erred in imposing an illegal sentence of restitution, because 1) there was no causal connection between the amount of the restitution and the crime for which Appellant was convicted, and 2) because the amount of restitution ordered was speculative and unsupported by the record. **See** Appellant's Brief at 7.

Appellant's claim is an attack on the legality of his sentence. **See Commonwealth v. Harriott**, 919 A.2d 234, 237 (Pa. Super. 2007). With

---

[2] In the court below, Appellant raised a third issue, which he has withdrawn on appeal. **See** Appellant's Brief at 4.

regard to appeals stemming from the imposition of restitution as a condition of the judgment of sentence,

> [r]estitution may be imposed only for those crimes to property or person where the victim suffered a loss that flows from the conduct that forms the basis of the crime for which the defendant is held criminally accountable. In computing the amount of restitution, the court shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate. Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive. The amount of a restitution order is limited by the loss or damages sustained as a direct result of defendant's criminal conduct and by the amount supported by the record.

*Commonwealth v. Dohner*, 725 A.2d 822, 824 (Pa. Super. 1999) (internal citations and quotations omitted); *see also* 18 Pa.C.S. § 1106(c)(2)(i). Due to the language "directly resulting from the crime," restitution is proper only if there is a direct causal connection between the crime and the loss. *Harriott*, 919 A.2d at 238. The sentencing court applies a "but for" test in imposing restitution; damages which occur as a direct result of the crimes are those which would not have occurred but for the defendant's criminal conduct. *Commonwealth v. Wright*, 722 A.2d 157, 159 (Pa. Super. 1998).

The trial court determined that Matthew Stuka, the complainant, had paid a second contractor $41,637.00 to complete Appellant's project after advancing payments to Appellant. *See* Trial Court Opinion, 7/11/16, at 7-8. The trial court noted that but for Appellant's actions, these payments would not have been made. *Id.* The court relied on *Wright* to note that it was

empowered to expand the restitution award beyond what had been found by the jury. *Id.* We disagree.

First, we note that the restitution is not directly related to the *crime* and the loss. As noted, *supra*, Appellant was acquitted of the first two counts charged. *See* Jury Verdict Sheet at 1-2. His sole conviction was for home improvement fraud. A person commits this offense if, with the intent to defraud another, he:

> [r]eceives any advance payment for performing home improvement services or providing home improvement materials and fails to perform or provide such services or materials when specified in the contract taking into account any force majeure or unforeseen labor strike that would extend the time frame or unless extended by agreement with the owner and fails to return the payment received for such services or materials which were not provided by that date.

73 P. S. § 517.8(a)(2). The jury found that the payment Appellant retained was $2,000.00 or less. *See* 73 P.S. § 517.8(c)(2)(ii); Jury Verdict Sheet, 11/19/14, at 3.

The crime for which Appellant was convicted requires, essentially, that he received advance payment for services never performed. The jury concluded that Appellant had retained a deposit of $2,000.00 or less, and did not perform the work. However, Appellant was acquitted of deceptive or fraudulent business practices by "delivering less than the represented quantity of any commodity or service." *See* 18 Pa.C.S. § 4107(a)(2); Jury Verdict Sheet at 2. Based upon the record provided to us, we cannot determine whether this $41,637.00 was damages the jury either did not

recognize or criminalize, or whether it was money Mr. Stuka would have had to expend to complete the project regardless of Appellant's involvement. What is clear, however, is that Appellant was acquitted of criminal liability with regard to the quantity or quality of his services.

Finally, the court's reliance on *Wright* is misplaced. In *Wright*, the complainant suffered damage to crops and two pieces of farm equipment as a result of the defendant's actions. *Wright*, 722 A.2d at 158-59. At the time of trial, only one of the pieces of farm equipment had estimates and repair bills available for it. *Id.* Accordingly, the *Wright* jury, considering only evidence of that loss, determined damages between $1,000.00 and $5,000.00. *Id.* At the time of sentencing, the trial court ordered restitution in the amount of $20,745.82, as the second piece of equipment had been repaired and the complainant could now prove his damages for both pieces of equipment. *Id.* at 159. This Court upheld the order of restitution, finding that although the jury had made a determination for grading purposes, the sentencing court could award restitution beyond that amount where the record supported the order. *Id.* at 160-61.

By contrast, in the instant case, the jury had all of the necessary evidence before it at the time of trial. At the sentencing hearing, the information relied upon by the trial court in fashioning the restitution amount was 1) the trial testimony of Mr. Stuka regarding the amount paid to a contractor to "fix" Appellant's work, and 2) the trial testimony of the contractor regarding the amount he billed Mr. Stuka. This was not, as in

- 6 -

*Wright*, a case where information was unavailable to the jury at the time of sentencing. On the contrary, the jury heard and considered this information, and either found it unconvincing or not criminal: the same jury acquitted Appellant of fraudulent business practices.

Absent circumstances such as those in *Wright*, the court may not go beyond the jury's verdict in fashioning its restitution award. Thus, the amount of restitution ordered was neither a direct result of Appellant's criminal conduct, nor was it supported by the record. *Dohner*, 725 A.2d at 824.

We note that Mr. Stuka is not without recourse. The Crimes Code specifically provides that an order of restitution does not prevent him from recovering additional funds through a civil lawsuit. *See* 18 Pa.C.S. § 1106(g). This criminal case, however, is not the appropriate avenue to do so. Accordingly, we find that the trial court erred in imposing an order of restitution in the amount of $41,637.00.

Judgment of sentence vacated; case remanded for resentencing in accordance with this opinion; jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2017

- 7 -