J-S20007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                       :          PENNSYLVANIA
                                       :
               v.                         :
                                       :
                                       :
LOWELL TRASHAWN FOSTER,       :
                                       :
            Appellant           :     No. 1170 MDA 2017

Appeal from the Judgment of Sentence entered May 12, 2017,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0004554-2016.

BEFORE: GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED JUNE 07, 2018**

Lowell Trashawn Foster appeals from the denial of his motion to modify restitution following Foster's open guilty plea to false identification to law enforcement, possession of a small amount of marijuana, possession of drug paraphernalia and receiving stolen property.[1] After careful review, we vacate Foster's restitution order and remand for resentencing.

The trial court summarized the facts of this case as follows:

> On May 12, 2017, [Foster] pled guilty to one (1) count each of false identification to law enforcement, possession of a small amount of marijuana, possession of drug paraphernalia and receiving stolen property. The facts underlying the charges are that on August 24, 2016, [Foster] was found in possession of a stolen motor vehicle. [Foster] acknowledges that the vehicle had been reported stolen since August 16, 2016. [Foster] provided a false

---

[1] 18 Pa. C.S.A. § 4914(a), 35 P.S. § 780-113(a)(31), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 3925(a), respectively.

name to law enforcement authorities and was found to be in possession of under thirty (30) grams of marijuana and a liter bottle that had been fabricated into a pipe device. At the time of [Foster's] guilty plea and sentencing, [Foster] acknowledged that these were the facts to which he was pleading guilty.

The Guilty Plea signed by [Foster] on May 12, 2017 specified that the amount of restitution owed was [$10,286.11]. [Foster] acknowledged the agreed upon amount of restitution at the time of his plea and sentencing. The remainder of [Foster's] sentence was left to the discretion of the undersigned judge as an open plea. The Commonwealth did not object to [Foster's] request for an aggregate three (3) year probationary sentence that would permit [Foster] to be transported to a state correctional institution so that he could begin serving a sentence of incarceration in an unrelated matter.

[Foster] was sentenced, as requested, to concurrent sentences of three (3) years of probation, which were made consecutive to his sentence of incarceration on the unrelated matter. The agreed upon restitution was ordered to be paid as outlined in the Restitution Summary offered by the Commonwealth and made a part of the record. It was further ordered and noted that [Foster's] sentence was fashioned in a way that would enforce the agreed upon restitution amount and that [Foster's] probation could be terminated once the agreed upon restitution was paid in full. The Restitution Summary indicated that [$1,157.74] was due and owing to Stephen or Ann Brill for the costs of their deductible, rental vehicle expenses and stolen items from their vehicle. It also indicated that [$9,128.37] was due and owing to Erie Insurance for a claim of vehicle damages. [Foster] did not file a timely post-sentence motion and did not file an appeal.

On May 24, 2017, [Foster] filed his Motion to Modify Restitution raising, for the first time, an objection to the order of and amount of restitution. Said Motion made no request for a hearing and did not raise the issue of any new facts or evidence, but merely stated that restitution was improper because the vehicle was ultimately returned. The Commonwealth responded to said Motion on June 26, 2017 and [Foster's] Motion to Modify Restitution was denied by

the May 25, 2017 Order. [Foster] filed his Notice of Appeal on July 26, 2017.

Trial Court Opinion, 9/20/2017, at 1-4 (internal footnotes omitted). This timely appeal followed. Both Foster and the trial court have complied with Pa. R.A.P. 1925.

Foster raises the following question on appeal:

> Did the trial court err in denying the Motion to Modify Restitution where the restitution ordered was illegal; and where the Commonwealth produced no explanation as to how Mr. Foster owed restitution of $10,286.11, nor was there any nexus between Mr. Foster's crime and the alleged restitution due?

Foster's Brief at 5.

Foster asserts two arguments as to the legality of his sentence. First, he contests that there is no causal connection between the amount of restitution and the crimes he was convicted of. Second, he argues that the record lacked evidence to support the restitution imposed upon him.

We begin by noting our standard of review:

> In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

**Commonwealth v. Stradley**, 50 A.3d 769, 771-72 (Pa. Super. 2012). The trial court reasoned that because Foster failed to contest the order of

restitution during his guilty plea and sentencing, or in a timely post-sentence motion, he waived any right to appeal the restitution order. Upon entry of a guilty plea, a defendant only waives his right to challenge all claims and defenses other than jurisdictional defects, the validity of the plea, and the legality of the sentence. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. Super. 2014). "Challenges to the legality of a sentence are not waivable." *Commonwealth v. Burewell*, 58 A.3d 790, 792 (Pa. Super. 2012). Foster is challenging the legality of his sentence and therefore, his appeal is proper.

Pennsylvania's Restitution Statute, Section 1106(a), of the Criminal Code, provides in part that:

> Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased *as a direct result of the crime*, . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a) (emphasis added). Hence, "restitution is proper only if there is a direct causal connection between the crime and the loss." *Commonwealth v. Harriot*, 919 A.2d 234, 238 (Pa. Super. 2007). Where restitution is a condition of the judgment of sentence, as it is here, the victim's loss must flow from the defendant's conduct that formed the basis of the crimes he was convicted for. *Id.* The sentencing court applies a "but for" test when imposing restitution; but for the defendant's criminal conduct, the loss the victim suffered as a direct result of the crime would not have occurred. *Commonwealth v. Wright*, 722 A.2d 157, 159, (Pa. Super. 1998).

The trial court determined that Foster was in possession of a stolen vehicle. Trial Court Opinion, 9/20/17, at 7.

A person commits the offense of receiving stolen property if he:

Intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a).

In light of finding Foster guilty of this offense, the court then presumed that the missing items from the vehicle and the damage to the vehicle, were a direct result of Foster's unlawful possession of it. *Id.* We note that Foster was not convicted for any crime associated with damaging the vehicle or stealing items from it. Nonetheless, he was ordered to make restitution as if he had been convicted of such crimes. This was improper.

For example, in **Commonwealth v. Poplawski**, 158 A.3d 671, 674-75 (Pa. Super 2017) the defendant was convicted solely for home improvement fraud, when he received $2,000 for services he never performed. The trial court, however, imposed $41,637.00 in restitution as if the defendant had been convicted of "deceptive or fraudulent business practices" even though defendant was acquitted of that crime. This Court reversed that order because the restitution was neither a direct result of defendant's criminal conduct, nor supported by the record. *Id. See also Commonwealth v. Reed*, 543 A.2d

587 (Pa. Super. 1988) (reversing a restitution order of $12,000 when the defendant only possessed $480 of stolen property).

Here, although the victims claim total losses of $10,286.11, the amount ordered in restitution, there was no evidence or admission that defendant caused those losses. The facts merely showed that the car was stolen on August 16, 2016 and Foster possessed that car eight days later on August 24, 2016. Foster pled guilty only to receiving stolen property (i.e. the car). In doing so, he admitted to conduct consistent with that crime; he did not make any further admissions about the missing items or the damage to the vehicle.

The trial court ordered the entirety of the loss as restitution based on speculation that the vehicle's damage occurred while in Foster's possession and the he was responsible for the missing items. Absent further evidence to support a finding that Foster had a hand in these crimes, ordering Foster to make recompense for these losses was improper. *See Commonwealth v. Dohner*, 725 A.2d 822, 824 (Pa. Super. 1999) (holding that restitution is a sentence, and as such, the amount ordered must be supported by the record, and it cannot be either speculative or excessive).

In its 1925(a) opinion, the trial court justified ordering the full amount of the loss because Foster agreed to it. The court noted that "though the parties did not bargain for a specific sentence, the Guilty Plea signed by [Foster] and the transcript from [Foster's] sentencing make clear that the amount of restitution was a specific term agreed upon by the parties." Trial Court Opinion, 9/20/17, at 5. The Commonwealth similarly argued that Foster

knowingly, voluntarily and intelligently entered a plea by specifically acknowledging the restitution figure and knowing that it would be included in the sentence, therefore making the restitution order proper. Commonwealth's Brief at 8-10. Both the trial court's and Commonwealth's positions are unfounded. Foster may have "agreed upon" this amount of restitution, but what Foster assented to was an illegal sentence because there was no causal connection between the crime and the losses. "Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." **Commonwealth v. Rivera**, 154 A.3d 370, 381 (Pa. Super. 2017) (citation omitted).

The Commonwealth's argument that the restitution was proper because it was a term of probation is likewise without merit. The trial court ordered restitution as a direct sentence, citing the restitution statute, 18 Pa.C.S.A. § 1106(a), as authority. **See** Trial Court Opinion, 9/20/2017, at 4. Thus, it was clearly not a term of probation.

In sum, the order imposing restitution in the amount of $10,286.11 was illegal as there was no causal connection between this amount of restitution and the crimes which Foster was convicted, and the record was devoid of any evidence showing Foster was responsible for these damages. **See Poplawski, supra.** Accordingly, we find that the trial court erred in imposing its order of restitution in the amount of $10,286.11.

Judgment of sentence vacated. Case remanded for resentencing in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2018