J-S72005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER M. ROBINSON | : | |
| | : | |
| Appellant | : | No. 639 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 27, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006740-2016

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 21, 2019**

Jennifer Robinson appeals from the judgment of sentence of twelve months of probation, a fine of $500, and restitution in the amount of $1,500, imposed following her conviction of two counts of third-degree misdemeanor criminal mischief.  We affirm.

The pertinent facts of the case are set forth as follows.  On September 11, 2016, Nacole Moore arrived at her home at approximately 8:30 p.m., and departed shortly thereafter for a friend's house.  When she returned home not long after midnight, she discovered that in her absence, someone had spray-painted obscenities on her carport and garage door using tan and blue paint.  Ms. Moore called the police to report the vandalism, and Officer Jesse Foltz of the Penbrook Police Department responded.

Officer Foltz knew of ongoing ill will between Ms. Moore and Appellant, as he had been called to their respective homes for prior altercations. After speaking with Ms. Moore, Officer Foltz proceeded to Appellant's nearby residence. During the course of his conversation with Appellant, Officer Foltz noticed that Appellant had blue spray paint on her hands and fingers, which the Officer believed was the same hue of blue paint that had been used to deface Ms. Moore's property.[1] Appellant's arms and legs contained splatters of tan spray paint consistent with the other paint color used to vandalize Ms. Moore's property. When Officer Foltz confronted Appellant with his suspicion that she spray-painted the graffiti on Ms. Moore's carport and garage, she became extremely agitated and began yelling and screaming at him. After asking Appellant to calm down, Officer Foltz proceeded to his car to retrieve a camera. Upon returning, he observed that Appellant had attempted to remove some of the paint from her hands and arms. Officer Foltz managed to take one photograph before Appellant refused to allow him to take more.

Appellant was charged with, *inter alia*, two counts of criminal mischief pursuant to 18 Pa.C.S. § 3304(a)(4), graded as misdemeanors in the third degree. Following a jury trial on February 14, 2018, she was convicted of both counts, and sentenced as aforesaid. Appellant filed a timely post-

---

[1] The record reflects that the garage was actually a double garage. The graffiti was spray-painted on both the door owned by Ms. Moore and the door of her neighbor, Jessica Jackson.

sentence motion, the Commonwealth filed a response, and the court denied the motion. Appellant filed a timely notice of appeal, complied with the trial court's Pa.R.A.P. 1925(b) order, and the trial court issued its Rule 1925(a) opinion.

Appellant raises a single issue on appeal: "[w]as the evidence at trial insufficient to prove beyond a reasonable doubt that the [A]ppellant was guilty of criminal mischief, a misdemeanor of the third degree, where the Commonwealth failed to show any monetary value of pecuniary damages[?]" Appellant's brief at iv.

In reviewing a sufficiency of the evidence claim, our standard of review is well established:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa.Super. 2017) (citing *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa.Super. 2000)).

Appellant was charged with violating 18 Pa.C.S. § 3304(a)(4), which provides:

> (a) **Offense defined**. A person is guilty of criminal mischief if he:

- 3 -

. . . .

(4) intentionally defaces or otherwise damages tangible public property or tangible property of another with graffiti by use of any aerosol spray-paint can, broad-tipped indelible marker or similar marking device;

. . . .

(b) **Grading**. Criminal mischief is a felony of the third degree if the actor intentionally causes pecuniary loss in excess of $5,000, or a substantial interruption or impairment of public communication, transportation, supply of water, gas or power, or other public service. It is a misdemeanor of the second degree if the actor intentionally causes pecuniary loss in excess of $1,000, or a **misdemeanor of the third degree if he intentionally or recklessly causes pecuniary loss in excess of $500 or causes a loss in excess of $150 for a violation of subsection (a)(4)**. Otherwise criminal mischief is a summary offense.

18 Pa.C.S. § 3304(a) and (b) (emphasis added).

Appellant maintains that the Commonwealth never produced testimony, a bill, a repair estimate, or any other form of evidence that detailed the precise amount of damages sustained by Ms. Moore. Thus, Appellant contends, the Commonwealth did not meet its burden of proving that the pecuniary damages involved met the threshold for grading as a third-degree misdemeanor. In support of her claim, Appellant cites *Commonwealth v. Poplawski*, 158 A.3d 671 (Pa.Super. 2017), where this Court determined that the sentence of restitution was not supported by the record, as there was no evidence showing a direct causal connection between the crime and the loss.

According to the Commonwealth, the record belies Appellant's contention. It directs our attention to Officer Foltz's testimony, based on his

- 4 -

experience with vandalism as a member of the Penbrook Police Department for more than seven years, that "it's usually fairly expensive" to remove spray paint from surfaces. N.T. Jury Trial, 2/14/18, at 26. He estimated that the property damage amounted to $500. The Commonwealth also relies upon *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa.Super. 1997), for the proposition that its evidentiary burden was satisfied by "proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part or none of the evidence."

Appellant's reliance upon *Poplawski* is misplaced. Appellant is not challenging the restitution imposed as part of the sentence herein. Her sole claim on appeal is the sufficiency of the evidence of pecuniary loss for purposes of the grading of the offenses. Furthermore, contrary to Appellant's representation, there is evidence in the record of the value of the damages sustained. The record contains photographs depicting the damage to the carport and the garage doors caused by the graffiti. In addition, Officer Foltz estimated the damage to the property to be $500.

In order for the offenses to be graded as third-degree misdemeanor, the damages only had to exceed $150 at each count. *See* 18 Pa.C.S. § 3304 (a)(4) and (b) (making intentional defacement of another's property with graffiti by use of spray-paint a third-degree misdemeanor if it causes a loss in excess of $150). The jury observed the photographs of the graffiti and was

free to credit or disregard the officer's estimate of removing it. It was not unreasonable to infer from this evidence that the damage sustained equaled or exceeded $150 at each count.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we find the evidence legally sufficient to support the conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2019