J-S26032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH JOHN MCCLAIN, III | : | No. 69 MDA 2022 |

Appeal from the Order Entered December 20, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000393-2019

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: OCTOBER 3, 2022**

The Commonwealth appeals from the order entered in the Court of Common Pleas of Union County vacating the restitution provision of Appellee Joseph John McClain, III's judgment of sentence. We hold that this appeal implicates the discretionary aspects of sentence. Because the Commonwealth did not provide in its brief a statement under Pennsylvania Rule of Appellate Procedure 2119(f), and because McClain has objected to this omission, we conclude the Commonwealth has waived its claim. Accordingly, we affirm.

The relevant facts and procedural history are as follows: On October 26, 2008, McClain sexually assaulted the eighteen-year-old victim, J.H., at a fraternity party at Bucknell University. On April 25, 2019, police charged

_____

[*] Former Justice specially assigned to the Superior Court.

McClain with two counts of rape, sexual assault, and three counts of aggravated indecent assault in connection with the incident. The parties reached a plea agreement whereby McClain would plead guilty to simple assault[1] for a sentence of ten days to two years less one day of imprisonment and to indecent exposure[2] for two years of consecutive probation; restitution and fine would be determined by the trial court. McClain pled guilty in accordance with the plea agreement on April 6, 2021.

The trial court held a sentencing hearing on June 30, 2021. J.H. and her mother testified extensively about the severe, long-lasting effects of McClain's assault. The court imposed the agreed sentence of imprisonment. Regarding restitution, the court sentenced McClain to pay a total of $94,871.79 to J.H.

On August 19, 2021, McClain moved for a restitution hearing; the sentencing court held a restitution hearing on October 21, 2021. The Commonwealth presented the testimony of J.H., who maintained that McClain's assault caused her to incur expenses in three categories: medical expenses of $8,5551.85, therapy expenses of $74,157.67, and lost tuition of $12,732.27. The Commonwealth entered into evidence numerous pages of bills and receipts pertaining to J.H.'s claimed expenses.

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] 18 Pa.C.S.A. § 3127(a).

After hearing argument and receiving briefs, the sentencing court entered an order vacating the restitution portion of McClain's sentence. The court provided in a footnote:

> The Defendant is responsible for restitution to the victim who suffered personal injury directly resulting from the crime pursuant to 18 Pa.C.S. § 1106(a)(2). [J.H.] is a victim. The Defendant does not dispute that [J.H.] incurred bills and suffered a loss of tuition when she withdrew from school. The sole issue, in this Court's view is whether the bills and expenses were "directly" caused by the crime. The bills submitted by the Commonwealth for therapy were all coded for OCD, a condition for which [J.H.] was diagnosed as a child. Likewise, the Commonwealth did not sustain its burden of proof that the medical expenses and tuition loss were related to the crime. This Court could not find that "but for" Mr. McClain's conduct [J.H.] would have sustained these expenses. ***Commonwealth v. Poplawski***, [158 A.3d 671 (Pa. Super. 2017)].

Trial Court Order, filed 12/20/21.

The Commonwealth timely appealed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, the Commonwealth sets forth the following issue in its "Statement of the Questions Presented" (verbatim):

> Did the lower court commit error when it vacated a sentence of restitution where the Commonwealth presented unrebutted proof that the Appellee's actions were the direct cause of the victim's injuries to her mental health?

Commonwealth's Brief at 4.

Initially, we must determine whether the Commonwealth's issue presents a challenge to the legality or discretionary aspects of McClain's sentence.

Our Supreme Court has explained that challenges to a sentencing court's restitution order go to the legality of the sentence only when they concern the court's authority to order restitution. ***Commonwealth v. Weir***, 239 A.3d 25, 37 (Pa. 2020) (citing ***Commonwealth v. Barnes***, 151 A.3d 121 (Pa. 2016), and ***In the Interest of M.W.***, 725 A.2d 729 (Pa. 1999)). This stems from the mandatory nature of restitution under 18 Pa.C.S.A. § 1106:

> Section 1106(a) is mandatory in its directive and removes any discretion from the sentencing court to impose restitution as punishment upon conviction of a crime . . . where the victim, if an individual, suffered personal injury resulting from the crime[.] 18 Pa.C.S. § 1106(a)(2). Thus, the failure of a trial court to impose restitution where the circumstances described in Section 1106(a)[(2)] are established results in an illegal sentence. Conversely, and as relevant to a defendant's challenge, if the statutory circumstances are not established and the sentencing court orders restitution, the challenge to the sentence implicates its legality.

***Weir***, 239 A.3d at 37.

On the other hand, a restitution challenge implicates the discretionary aspects of the sentence when it is based on anything other than the sentencing court's authority to order restitution, such as the amount of restitution. ***Id.*** at 38 (citing the considerations of 18 Pa.C.S.A. § 1106(c)(2)). ***See Commonwealth v. Solomon***, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (applying ***Weir*** and holding claim that amount of restitution ordered as to value of stolen coins presented challenge to the discretionary aspects of sentencing). ***See also Commonwealth v. Eddy***, No. 476 MDA 2021, 2022 WL 4232690 (Pa.Super. 2022) (unpublished memorandum) (applying ***Weir***

and holding the appellant's claim the order of restitution was not based on sufficient evidence and/or was unreasonable presented discretionary aspects of sentencing claims); *Commonwealth v. Adams*, No. 1229 MDA 2021, 2022 WL 2092523 (Pa.Super. 2022) (unpublished memorandum) (applying *Weir* and holding that claim restitution was excessive since the amount of the medical bills was unsupported by the factual evidence linking the medical treatment received by the victim to the incident presented a challenge to the discretionary aspects of sentencing).[3]

> [I]f the challenge is not to the existence of certain authority [to impose a sentence] but to the exercise of that authority, then the challenge goes to the discretionary aspects of a sentence, not to its legality. . . .A mere disagreement with the trial court's weighing of various sentencing considerations . . . is a claim implicating only the discretionary aspects of sentencing.

*Commonwealth v. Prinkey*, 277 A.3d 554, 563–64 (Pa. 2022) (citing *Weir*).

As applied here, the Commonwealth insists that its claim attacks the legality of McClain's sentence. Commonwealth's Brief at 2. Specifically, the Commonwealth asserts "[the sentencing court] ignoring the proof of causation and simultaneously adding of facts not in evidence resulted in this illegal sentence. That is to say[,] a sentence without restitution where restitution of some amount was clearly due." *Id.* at 13. We conclude the Commonwealth's argument simply does not comport with *Weir*.

_____

[3] *See* Pa.R.A.P. 126(b) (unpublished, non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Here, the sentencing court found the Commonwealth did not meet its burden of proving that McClain's crimes caused the medical, mental health, and tuition expenses at issue, and, therefore, it set the amount of restitution at zero. The Commonwealth now challenges that court's consideration of the evidence presented at the restitution hearing. Such a challenge implicates the discretionary aspects of sentence. *Weir*, 239 A.3d at 38.

It is well-settled that there is no absolute right to appeal the discretionary aspects of a sentence. *See Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa.Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa.Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to consider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citation and brackets omitted).

- 6 -

Relevantly, we are mindful that a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's discretionary aspects of sentencing argument. **See Commonwealth v. Roser**, 914 A.2d 447, 457 (Pa.Super. 2006). However, we are precluded from reaching the merits of the claim when the appellee lodges an objection to the omission of the statement. **Id.**

In the case *sub judice*, the Commonwealth failed to include a Pa.R.A.P. 2119(f) statement in its brief, and McClain has specifically objected to the omission. Accordingly, we conclude the Commonwealth waived its sentencing issue, and, therefore, we are precluded from reviewing the merits thereof. As such, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/03/2022