J-S38013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER JAMES WILCOX | : | |
| | : | |
| Appellant | : | No. 1446 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 13, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000068-2022

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED FEBRUARY 10, 2023**

Christopher James Wilcox ("Wilcox") appeals from the judgment of sentence made final by the order of restitution.[1]  Wilcox's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant Counsel's petition to withdraw.

---

[1] This Court may regard the imposition of a term of incarceration and the subsequent setting of restitution at a later hearing as a bifurcated sentencing proceeding.  ***See Commonwealth v. Cochran***, 244 A.3d 413, 420-21 (Pa. 2021) (distinguishing prior decisions, which held the failure to set the amount of restitution when imposing a sentence resulted in an illegal sentence).  We have amended the caption to reflect that this appeal lies from the final sentencing order.

Wilcox, who was represented by counsel,[2] entered negotiated guilty pleas to simple assault and criminal mischief[3] after admitting that he got into a road rage incident with Jeffrey Capaldi ("the victim"), punched the victim in his face, and "caused damage to the victim's vehicle," including what "appeared to be a scratch or dent . . . and a dent on the finish of the vehicle." N.T. Plea Hearing, 3/17/22, at 2. Following a thorough colloquy, the trial court accepted Wilcox's pleas, imposed the agreed-upon aggregate term of two years of probation, and, pursuant to the parties' negotiations, deferred its determination of restitution for a later hearing.

On April 13, 2022, the trial court convened a restitution hearing at which the victim testified that he was driving his BMW when Wilcox, who was driving a motorcycle, began tailgating him. When the victim pulled over and rolled down his window to see what was wrong, Wilcox pulled up next to the victim's car, punched him through the open window, and in the process, dented the victim's driver's-side door with the handlebar of the motorcycle. *See* N.T. Restitution Hearing, 4/13/22, at 4-5. The victim further testified that his car, which had less than 25,000 miles on it, was in perfect condition before the incident. *See id*. at 6.

---

[2] Wilcox had been represented by different attorneys in the public defender's office throughout this case.

[3] 18 Pa.C.S.A. §§ 2701(a)(1), 3304(a)(5).

The victim provided three different estimates he received to repair his car. *See id*. at 6-7. All three estimates included costs for work beyond the door that Wilcox had dented and scratched, and the two more expensive estimates included painting the entire side of the car to "guarantee a perfect match of paint all the way around." *Id*. at 14. The victim chose the shop with the least expensive estimate, which involved painting "that one area around the door without having to do the back door with the front bumper, headlight, [and] all of that." *Id*. at 14-15. The trial court found that the victim conscientiously sought the lowest cost for the repairs and imposed restitution in the amount of $1,604.31, the actual cost of repair charged by the repair shop the victim selected. *See id*. at 19-20. Wilcox timely filed a post-sentence motion,[4] which the trial court denied. Wilcox timely appealed, and Counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an *Anders* brief.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has

---

[4] The tenth day after the final sentencing hearing fell on a Saturday, and Wilcox timely filed his post-sentence motion on the following Monday. *See* 1 Pa.C.S.A. § 1908.

determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In *Santiago*, our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (internal citation omitted).

Here, Counsel avers in her petition to withdraw that she has reviewed the entire record and concluded that the appeal is frivolous. Counsel further avers that she mailed Wilcox a copy of the petitions and the *Anders* brief, as well as correspondence explaining Wilcox's right to retain private counsel or

proceed *pro se* and raise any additional arguments he believes are meritorious.[5] Counsel's **Anders** brief includes a summary of the facts and procedural history of the case, identifies the issue that could arguably support Wilcox's appeal, and Counsel's analysis of why the issue lacks merit, with citations to the record and legal authority. We conclude Counsel has substantially complied with the requirements of the **Anders** procedure. Accordingly, we will conduct an independent review to determine whether this appeal is wholly frivolous.

Counsel identifies the following issue for our review:

Did the trial court abuse its discretion in ordering [Wilcox] to pay restitution in the amount of $1604.31 when there was insufficient evidence of record to show that the performed repair covered only the driver's side door damaged by Wilcox?

**Anders** Brief at 3.

The following principles govern our review from a challenge to the imposition of restitution as part of a sentence. "[T]he primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible." **Commonwealth v. Solomon**, 247 A.3d 1163, 1170 (Pa. Super. 2021) (*en banc*) (internal citation and quotations omitted), *appeal denied*, 274 A.3d 1221 (Pa. 2022);

---

[5] We note that Counsel wrote the letter attached to her petition to withdraw before filing her Rule 1925(c)(4) statement and the **Anders** brief. However, the letter explained Wilcox's rights throughout this direct appeal, including his right to file a responsive brief either *pro se* or with private counsel's assistance.

*see also* 18 Pa.C.S.A. § 1106(c)(1) (requiring the court to order "full restitution . . . so as to provide the victim with the fullest compensation for the loss"). As it relates to property damage, restitution "can be made by either the return of the original property or the payment of money necessary to replace, or to repair the damage to, the property." *Solomon*, 247 A.3d at 1170 (internal citation and quotations omitted). Challenges to a restitution order may go to the legality of the sentence, *i.e.*, the trial court's statutory authority to impose restitution under section 1106(c)(1), or the discretionary aspects of the sentence, *i.e.*, the trial court's determination of the amount of restitution. *See Commonwealth v. Weir*, 239 A.3d 25, 38 (Pa. 2020).

A defendant's "discontent with the amount of restitution and the evidence supporting it is a challenge to the sentencing court's exercise of discretion" and constitutes a challenge to the discretionary aspects of the sentence. *Id*. When a court imposes restitution as part of a sentence, "there must be a direct nexus between the restitution ordered and the crime for which the defendant was convicted." *Solomon*, 247 A.3d at 1170 (internal citation and quotations omitted). To determine the correct amount of restitution, a court must use a "but-for" test: "damages which occur as a direct result of the crimes are those which would not have occurred but for the defendant's criminal conduct." *Commonwealth v. Poplawski*, 158 A.3d 671, 674 (Pa. Super. 2017) (internal citation omitted).

Here, there is no dispute that Wilcox damaged the victim's car, the victim's car needed repair, and the trial court had the statutory authority to

impose restitution for the costs of restoring the victim's car to its pre-incident condition. *See* 18 Pa.C.S.A. § 1106(c)(1). Counsel notes that Wilcox believes the restitution order was excessive because it was not limited to the cost of repairing the specific dents and scratches he caused to the door. We agree with Counsel's assessment that Wilcox's intended claim goes to the discretionary aspects of the sentence, and we will review it as such.

It is well settled that a challenge to the discretionary aspects of a sentence does not entitle an appellant to review as of right. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, such a challenge must be considered a petition for permission to appeal. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). Before reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (internal citation and brackets omitted).

Wilcox preserved his challenge to the amount of restitution in a timely post-sentence motion and timely appealed. Additionally, Counsel has included in the *Anders* brief a Rule 2119(f) statement, and our Court has stated that a challenge to the amount of restitution set by the trial court presents a substantial question. *See Solomon*, 247 A.3d at 1167. Therefore, we may

review Wilcox's intended claim that the trial court imposed an excessive amount of restitution.

In reviewing a challenge to the discretionary aspects of sentence, we are mindful that to prevail, the appellant must demonstrate that the sentencing court abused its discretion:

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [the a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Discretion is abused in ordering speculative or excessive restitution or entering a restitution award not supported by the record.

**Solomon**, 247 A.3d at 1168 (internal citations and quotations omitted).

As noted above, Wilcox does not dispute that he damaged the victim's car. **See** N.T. Plea Hearing, 3/17/22, at 2. Rather, Wilcox's intends to challenge the amount of restitution as excessive because it included payment for work not limited to the dent and scratches he caused to the victim's car door. However, the trial court heard and credited evidence that the damage Wilcox caused necessitated additional work to match the color of the repairs to the rest of the car and restore the car to its pre-accident condition. **See** N.T. Restitution Hearing, 4/13/22, at 6-7, 14-15. The trial court also credited the victim's testimony that he conscientiously shopped for the best price to repair his car and scrupulously chose the least extensive and least costly repair that restored his car to a condition before the incident and thus provided the fullest compensation for the loss. **See id**. at 19; **see also** 18 Pa.C.S.A. §

1106(c)(1); *Poplawski*, 158 A.3d at 674. Based on this record, we agree with Counsel's assessment that a challenge to excessiveness of the $1,604.31 in restitution lacks any support in the law or the record.

Thus, we conclude that the sole issue on appeal identified in this appeal is frivolous. Moreover, our independent review of the record reveals no additional issues of arguable merit in this appeal. Accordingly, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2023