J-S43012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANUSZ DOBROWOLSKI | : | |
| | : | |
| Appellant | : | No. 2741 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 12, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005759-2022

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 4, 2025**

Janusz Dobrowolski appeals from the restitution provision of the judgment of sentence entered in the above-captioned matter after he entered a negotiated guilty plea to receiving stolen property.  Upon review, we affirm.

The Commonwealth offered the following factual summary at the plea hearing:

> [O]n April 3rd of 2022, officers observed a Volkswag[e]n Jetta on the 3500 block of Kensington Avenue in the city and county of Philadelphia.  They entered the license plate into the [National Crime Information Center ("NCIC")] system[,] which indicated that the license plate did not belong to the vehicle.  Subsequent to this information, officers conducted a vehicle investigation where they were able to enter the vehicle's identification number ending in 37W267 into the NCIC system, and that provided information that the vehicle was in stolen status.  Subsequently, the defendant was arrested and the owner of the vehicle . . . was contacted and she stated that her vehicle had last been seen on March 25th of 2022 and that no one else had permission to utilize her vehicle.  There were also damages to the vehicle upon the officers' interaction with it.

N.T. Guilty Plea Volume I, 4/12/23, at 12-13.

Other documents of record reveal that the police discovered Appellant sitting in the stolen vehicle with the engine idling and the transmission in park. *See* Petition for Writ of *Habeas Corpus*, 8/11/22, at ¶ 5. Upon contact with Appellant, the officers observed that the car had been vandalized. The interior was stained with foul-smelling substances and littered with trash and drug paraphernalia. *Id*. Police arrested Appellant when he failed to provide his driver's license or documents demonstrating ownership of the vehicle. *Id*. Once the officers reached the victim, they informed her that her car had been transferred to an impound lot. In recovering the automobile, she discovered that the exterior had several new scratches, dents, and a loose bumper, in addition to the damaged interior. *Id*. The victim's insurance company deemed her vehicle a total loss. *Id*.; N.T. Guilty Plea Volume I, 4/12/23, at 22-23.

After a colloquy, Appellant pled guilty to receiving stolen property and the Commonwealth dismissed the remaining charge of unauthorized use of an automobile. The Commonwealth and Appellant also agreed upon the negotiated sentence of eleven and a half to twenty-three months of incarceration with immediate parole, and three years of reporting probation. Following the court's acceptance of the plea, the parties proceeded to a restitution hearing as they could not agree on the amount that Appellant owed the victim. *See* Guilty Plea Volume I, 4/12/23, at 4. Appellant did not deny

liability for restitution, but he argued that the amount should not exceed $1,000 since the victim lacked documentation to substantiate the remaining damages. *Id*. at 36-38, 40-41.

The victim testified that her vehicle was fully functional before it was stolen, but was totaled when it was returned to her. *Id.* at 22-23, 27. She further attested that she was responsible for a $1,000 deductible, and a $2,500 downpayment in excess of her awarded insurance proceeds to purchase a new car. *Id*. at 23, 25-26. The victim also testified that she rented a car for fifty days, thirty of which were covered by insurance, for the period where she searched for a replacement vehicle. *Id*. at 23-24. The trial court found the victim's testimony credible with respect to the deductible and downpayment, but declined to credit her testimony regarding the rental expenses because she lacked paperwork. *Id*. at 42. Accordingly, the court ordered Appellant to pay $3,500 in restitution in addition to the aforementioned sentence.

This timely appeal followed, and Appellant and the trial court complied with Pa.R.A.P. 1925.[1] Appellant raises the following issue for our determination:

Did the trial court err and abuse its discretion by imposing restitution for losses to the [victim] due to damage to the

---

[1] Appellant initially filed an untimely post-sentence motion, which was cured by a petition for post-conviction relief seeking reinstatement of appellate rights *nunc pro tunc*. The Court thereafter denied his subsequent post-sentence motion.

[victim]'s car, where no nexus was established at the restitution hearing between the criminal conduct of [Appellant], consisting only of receiving stolen property, and damage to the car discovered upon the car's recovery?

Appellant's brief at 2.

We begin with an overview of the legal principles that guide our analysis. Section 1106 of the Crimes Code governs restitution and provides in relevant part: "Upon conviction for any crime wherein: (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a)(1). Our Supreme Court has held that "[§] 1106(a) is mandatory in its directive and removes any discretion from the sentencing court to impose restitution as punishment upon conviction of a crime under two circumstances[,]" one of which being "where the property of a victim has been stolen, converted or otherwise unlawfully obtained or its value has been substantially decreased as a direct consequence of the crime[.]" *Commonwealth v. Weir*, 239 A.3d 25, 37 (Pa. 2020).

A challenge to a court's restitution order can either implicate the legality of a sentence or the discretionary aspects of a sentence. To determine the nature of such a claim, our High Court has explained that "a challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue. A challenge to the manner in which the sentencing court exercises that authority in fashioning the restitution implicates the

discretionary aspects of the sentence." *Id*. at 37. Therefore, an appellant challenges the legality of a restitution order where he argues that the statutory circumstances of § 1106(a)(1) have not been established, such as a claim that "he was not convicted of a crime where the value of the victim's [property] was substantially decreased as a direct result of the crime." *Id*. at 37-38. Contrarily, an appellant's "discontent with the amount of restitution and the evidence supporting it is a challenge to the sentencing court's exercise of discretion, not to the legality of sentence." *Id*. at 38.

Appellant's argument implicates the legality of his sentence, as he contends that the trial court lacked the authority to order restitution where the victim's damages were not a direct consequence of his crime. *See* Appellant's brief at 6 (arguing that "no direct causal connection, no nexus, between the crime and the loss incurred by the [victim] was established").[2] Accordingly, "we apply a plenary scope and *de novo* standard of review." *Commonwealth v. Stoops*, 290 A.3d 721, 723 (Pa.Super. 2023).

This Court has confirmed that, pursuant to § 1106, there must be "a direct link between the crime and the requested damages for restitution[.]" *Commonwealth v. Warunek*, 279 A.3d 52, 55 (Pa.Super. 2022). When a trial court determines the amount of restitution it "must look to the losses the

---

[2] Appellant does not contest the value of restitution ordered or any specific amounts that were assessed against him, but only that there was a lack of sufficient nexus between his conviction and the damages. *See* Appellant's brief at 6-10.

victim would not have suffered but for the defendant's criminal conduct." ***Commonwealth v. Risoldi***, 238 A.3d 434, 461 (Pa.Super. 2020). The court is also required to "consider the extent of injury suffered by the victim and such other matters as it deems appropriate." ***Commonwealth v. Poplawski***, 158 A.3d 671, 674 (Pa.Super. 2017) (cleaned up). Furthermore, "the amount ordered must be supported by the record[, and] it may not be speculative or excessive." ***Id***.

Appellant pled guilty to receiving stolen property, for which a person is guilty "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a). This crime is composed of the following three elements: "(1) intentionally acquiring possession of the moveable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive permanently." ***Commonwealth v. Gomez***, 224 A.3d 1095, 1099 (Pa.Super. 2019).

In its Rule 1925(a) opinion, the court requested that we vacate the restitution portion of Appellant's sentence because there was "no evidence" establishing a connection between Appellant receiving the stolen vehicle and

the damage that the victim observed upon its return.[3]  *See* Trial Court Opinion, 1/26/24, at 5.  In reviewing Appellant's illegal sentence claim, however, this Court is not bound by the trial court's *volte-face*.  *See Dolan v. Hurd Millwork Company, Inc.*, 195 A.3d 169, 176 (Pa. 2018) ("when deciding issues of law[,] an appellate court is not required to defer to the conclusions of a trial court").

Contrary to the trial court's revised viewpoint, the certified record reveals the link between Appellant's crime and the damages warranting restitution.  As defined in the restitution statute, "injury to property" is "loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime."  18 Pa.C.S. § 1106(h) (cleaned up).  While it is obvious that the victim could not establish exactly how her vehicle was damaged in light of its theft, she testified that her vehicle was fully operable before it was stolen and that it was declared a total loss after the police found it in Appellant's possession.  In fact, Appellant conceded at the restitution hearing that the victim suffered at least $1,000 in damages, for which he was responsible, and the only disagreement between him and

_____

[3] The Commonwealth contends that the trial court properly ordered restitution.  It argues that the court "could [have] properly infer[ed] that [Appellant], who was caught in possession of a heavily damaged stolen car within days of the theft, was financially responsible for the victim's loss" and the court "was free to conclude that the damages would not have occurred but for [Appellant]'s criminal conduct."  Commonwealth's brief at 8 (cleaned up).

- 7 -

the Commonwealth was the amount he owed in restitution. *See* N.T. Guilty Plea Volume I, 4/12/23, at 40-41 ("And I would ask . . . that my client only be ordered to pay $1,000 restitution for the deductible specifically."). As the ultimate arbiter of fact, it was within the trial court's province to rely upon Appellant's acknowledgment of responsibility in identifying the casual connection between Appellant's criminal conduct and the vehicle's damages. Phrased differently, the certified record bears out that Appellant pled guilty to receiving stolen property, the victim testified that her car was deemed a total loss after it was found in Appellant's possession, and Appellant accepted responsibility for the portion of the damages that were supported by documentation. Thus, having the duty to order restitution where the elements of § 1106(a)(1) have been established, the trial court did not commit an error of law when it drew upon Appellant's concession in determining that a nexus existed between his receipt of the stolen vehicle and the victim's losses.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/4/2025